3:19-cv-01631-YY

FILED 10 OCT '19 10:48 USDC-ORP

In the US District Court for the District of Oregon

Benjamin Barber,

Benjamin Barber ex rel Jaycob Patrick Holten,

Benjamin Barber ex rel Does 1-500,000 (viewers of "Albino Porn"),

Benjamin Barber ex rel Does 1-50,000 (users of Pornhub.com),

Benjamin Barber ex rel Does 1-50,000 (users of RedTube.com),

Benjamin Barber ex rel Does 1-50,000 (users of Thumbzilla),

Benjamin Barber ex rel Does 1-50,000 (users of xhamster.com),

Benjamin Barber ex rel Does 1-50,000 (users of Porn.com),

Benjamin Barber ex rel Does 1-50,000 (users of Porntube.com),

Benjamin Barber ex rel Does 1-50,000 (users of TNAflix.com),

Benjamin Barber ex rel Does 1-50,000 (users of Empflix.com),

Benjamin Barber ex rel Does 1-50,000 (users of Kongregate.com),

Benjamin Barber ex rel Does 1-10,000 ("Albino" product consumers),

Benjamin Barber ex rel Does 1-6,000,000 (users of 4chan.org),

Benjamin Barber ex rel Does 1-10,000 (users of 8ch.net),

Benjamin Barber ex rel Does 1-100 million (users of Twitter.com),

Benjamin Barber ex rel Does 1-20 million (users of Reddit.com),

Benjamin Barber ex rel Does 1-1000 (users of Github.com),

(Plaintiff)

VS

State of Oregon, Attorney General of Oregon,

Does 1-1000 (District Attorneys for the state of Oregon),

State of Alabama, Attorney General of Alabama,

Does 1-1000 (District Attorneys for the State of Alabama),

State of Arkansas, Attorney General of Arkansas,

Does 1-1000 (District Attorneys for the State of Arkansas),

State of California, Attorney General of California,

Does 1-1000 (District Attorneys for the State of California),

State of Colorado, Attorney General of Colorado,
Does 1-1000 (District Attorneys for the State of Colorado),
State of Conneticut, Attorney General of Conneticut,
Does 1-1000 (District Attorneys for the State of Conneticut),
District of Columbia, Attorney General of the District of Columbia,
Does 1-1000 (District Attorneys for the District of Columbia),
State of Florida, Attorney General of Florida,
Does 1-1000 (District Attorneys for the State of Florida),
State of Illinois, Attorney General of Illinois,
Does 1-1000 (District Attorneys for the State of Illinois),
State of Louisiana, Attorney General of Louisiana,
Does 1-1000 (District Attorneys for the State of Louisiana),
State of Maine, Attorney General of Maine,
Does 1-1000 (District Attorneys for the State of Maine),
State of Minnesota, Attorney General of Minnesota,
Does 1-1000 (District Attorneys for the State of Minnesota)
State of Nevada, Attorney General of Nevada,
Does 1-1000 (District Attorneys for the State of Nevada),
State of New Hampshire, Attorney General of New Hampshire,
Does 1-1000 (District Attorneys for the State of New Hampshire,
State of New Mexico, Attorney General of New Mexico,
Does 1-1000 (District Attorneys for the state of New Mexico),
State of North Carolina, Attorney General of North Carolina,
Does 1-1000 (District Attorneys for the state of North Carolina),
State of North Dakota, Attorney General of North Dakota,
Does 1-1000 (District Attorneys for the State of North Dakota),
State of Oklahoma, Attorney General of Oklahoma,
Does 1-1000 (District Attorneys of the State of Oklahoma),

State of Pennslyvania, Attorney General of Pennslyvania,
Does 1-1000 (District Attorneys for the State of Pennslyvania),
State of Texas, Attorney General of Texas,
Does 1-1000 (District Attorneys for the State of Texas),
State of Utah, Attorney General of Utah,
Does 1-1000 (District Attorneys for the state of Utah),
State of Vermont, Attorney General of Vermont,
Does 1-1000 (District Attorneys for the State of Vermont),
State of Virginia, Attorney General of Virginia,
Does 1-1000 (District Attorneys for the State of Virginia),
State of Washington, Attorney General of Washington,
Does 1-1000 (District Attorneys for the State of Washington),
State of West Virginia, Attorney General of West Virginia,
Does 1-1000 (District Attorneys for the State of West Virginia),
State of Wisconsin, Attorney General of Wisconsin,
Does 1-1000 (District Attorneys for the State of Wisconsin),
Hon. Judge Simon for the US District Court for the District of Oregon,
Hon. Judge Acosta for the US District Court for the District of Oregon,
                                                          Defendants

## Verified Complaint
### 42 USC § 1983, 17 USC § 502

### 1

Comes now the plaintiff, pro-se, to compel the court to
enjoin the operation of state statutes that violate the
First Amendment, and are prior restraints or heckler's
veto's or content based, and are completely preempted by
the copyright act, are artfully plead copyright claims,
and infringe on the exclusive jurisdiction of US District Courts.

PAGE 3

2

This Court has jurisdiction: pursuant to 28 USC §1331 for federal question jurisdiction, pursuant to 28 USC §1338 for Copyright jurisdiction, If the Court appoints a class action Counsel to handle false arrest and false imprisonment, and statutory damages to those incarcerated, the Court will have diversity and supplimental jurisdiction

3

Plaintiff seeks certification of a class, of all persons whose Constitutional rights are violated pursuant to FRCP 23(a), because judicial economy will be served by deciding questions of law common to all persons, and the inherent difficulty that multiple suits by individuals, who may not be able to otherwise seek relief in Court.

4

Plaintiff has Next Friend standing to represent his friend Jaycob Patrick Holten's complaint for him in federal court. Jaycob Patrick Holten gave him permission because he does not have the education to pursue his own claim.

5

Plaintiff has First Amendment standing and third party standing to represent the other parties because he has suffered injury in fact giving him a Concrete interest in the outcome of the issue, there are many people whose speech will be chilled if the laws are not enjoined, many people lack the ability to litigate their own Claims, and the statutes are overbroad and punish more speech than is required under the First Amendment.

PAGE 4

"As a Corollary, the Court has altered it's traditional rules of standing to permit — in the First Amendment area — 'attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite specificity' Dombowski v. Pfister, 380 U.S., at 486. Litigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from Constitutionally protected speech or expression"
Broadrick v. Oklahoma 413 US. 601, 612

"where a claim is that the statute is overly broad in violation of the First Amendment, the court has allowed a party to assert the rights of others without the regard to the ability of the other to assert his own claim"
Secretary of State of Maryland v Joseph H. Munson Co. Inc. 467 US. 947

PAGE 5

"we have recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: the litigant must have suffered an "injury in fact", thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute, Singleton, supra, at 428 U.S. 112; the litigant must have a close relation to the third party, id. at 428 U.S. 113-114; and there must exist some hinderance to the third party's ability to protect his or her own interests. Id at 428 U.S. 115-116. see also Craig v. Boren, 429 US. 190 (1976). These criteria have been satisfied in cases where we have permitted criminal defendants to challenge their convictions by raising the rights of third parties. See Eisenstadt v. Baird, 405 U.S. 438 (1972); Griswald v. Conneticut, 381 U.S. 479 (1965); see also Mcgowan v. Maryland, 366 U.S. 420 (1961). By similiar reasoning, we have permitted litigants to raise third-party rights in order to prevent possible future prosecution. see e.g., Doe v. Bolton 410 U.S. 179 " Powers v. Ohio 499 US 400, 411

Thus First Amendment standing requires none of the traditional third party claim factors. However the plaintiff will raise both issues to be certain that he meets the "injury in fact" requirements of Article III, rather than asking for an advisory opinion from the Court.

PAGE 6

6

Benjamin Barber has been convicted of ORS 163.472 "unlawful dissemination of an intimate image". Barber was previously a software engineer, computer systems administrator, and a cloud systems administrator for Intel. He was an admin for a 4chan related "politically incorrect" and "video game" voice chat service "mumble."

7 (a)

Some examples of "revenge porn" involving Barber

(a)

2001 Barber uses clickbait to entice users to click on the image known as "goatse" on the website Slashdot.Org, by writing informative articles, and embedding links into innocous looking text, much as "phishing" scams do.

(b)

2011 Barber photoshops video of a Salmon Cannon on the Columbia river to make it appear that men in tyvek suits are placing salmon into a pregnant womans vagina on a gurney, and her contractions are launching the salmon into the sky over the dam.

(c)

2011-2012 Barber and    wife are volunteer organizers for the world naked bike ride. Barber collects an archive of the photos that he shares with other participants

(d)

2011 Barber and    wife make pornographic images and videos, both of them share them, when looking to find three somes and foursomes to engage with together

PAGE 7

(e)

2013 Barber discovers that their neighbor-woman E.T. has a "Model Meyhem" profile with naked pictures, that he shares with his horny bisexual wife, who wants to sleep with her, E.T. is upset that wife told her that he shared nude photos of her on that website with roommates.

(f)

2014 Barber pretends to be a feminist, and "concern trolls" radical feminist forums with 4chan users, with public "cannibal fetish" porn, depicting women tied to a spit over hot coals, in ovens, and sculptures made out of meat glue and paint, to convince them women are treated as food.

(g)

2014 Barber uses bots with other 4chan trolls to spam a "spinner" (yarn fabric) convention with pictures of "spinners" (petite women pornography) on Twitter.

(h)

2015 J.K. of 4chan discovered Allison Rapp of Nintendo Public Relations, had in college been a pedophillia apoligist. Subsequent investigations with Barber, "S4T" revealed that she was offering herself and her husband as prostitutes online. Barber archived all information he could by using Archive.is and scripts including porn so they would remain on Archive.is if deleted. S4T contacted Milo Yiannopolous of Breitbart News, Barber contacted seattle sex crimes department, and J.K. contacted Nintendo, and as a result Nintendo fired Allison Rapp for engaging in prostitution to coworkers.

(i)

In 2015 some hacker group breached Ashley Madison.com's database and placed it online using bittorrent. Barber and 4chan members downloaded it, for the purpose to locate government officials. Barber located Herman Cain (presidential candidate and momentary candidate for the federal reserve board). Barber also parsed all emails containing "k12.**.us" i.e. under aged users, and sent the list to the FBI for child sex abuse. 4chan users found and shamed people online for being pedophiles on Ashley Madison and displayed the intimate images found on the website database.

(j)

Over several years Barber had debated with persons who like abortion, Islam, or Transgenderism, and he has sent them pictures of the mutiliated genitals or corpses caused by those belief systems as a debate tactic to shock them.

(K)

In 2015 according to the record on in the circuit court of Oregon by Barber's ex wife: she had spoken to her divorce attorney paid for by Portland state University, that she should charge Barber with ORS 163.472, despite the fact that Barber had committed no crime, as the videos had been placed on his server in 2011 with a password protected account, and he was not advertising it.

(l)

In 2015 the pornography was posted to a hate thread regarding Barber on 8chan, Http://marker.to/ck4POq and a person identifying herself as the ex wife comments in the thread about her animosity Http://marker.to/StsfVwS

PAGE 9

(m)

The attorney tells Barber that if he speaks to the portland police about ex wife's violated restraining order, or to PSU about her plagarised homework, or talks to the internet about her, that he will be arrested for harassment.

(n)

Both disclosures are authorized by a contract stating: "Each party agrees to have transparency and provide access to their social interactions, including the ability to speak to members of ones social groups" and they called it a "complete transparency" agreement in 2013.

(o)

Ex wife testified that because Barber was going to make a website of her transgressions, that she had given the pornography on the FTP server to her "friends." The "friends" had contacted Barber to blackmail him with the pornography, so he wouldn't continue with the website, but she was not okay with the blackmail. Her attorney said if "they" did, she could file a DMCA takedown and claim her copyrights were violated.

(p)

In 2016 Barber runs out of money to host his server with the company Hetzner. AG in germany, due in part to the claims by ex wife that the videos of her tied up depict rape, and claims that he had committed fraud against her, that were sent to his collegues, ommitting that his Ex wife had both explicitly asked for BDSM, and had agreed to share all income and expenses, and lied by ommission.

(q)

The "friends" were people who sought out the ex wife, due to Barbe's semi public figure in matters of politics and matters of public concern, with the purpose of defaming him for his beliefs and ex wife's allegations about him.

(r)

In 2016 Barbe uploads all of the works that he authored to public cloud services such as Gitlab.com, facebook.com, Google.com, youtube.com, and Pornhub.com, etc, so that they wont become deleted when his server is deleted.

(s)

Ex wife sends Barbe a DMCA takedown notice, he sends a Counter notice, accepting US District court jurisdiction, claiming that it is in error because he is the author, the ex wife gets a new attorney and fabricates an agreement that we agreed the videos would be just between us.

(t)

Ex wife testifies that in fact we made the videos originally because we wanted to "make a lot of money" from Albino Porn but had changed our mind, and that she knew we had consentually shared porn to seek threesomes and foursomes, and was carbon copied that these videos had been shared less than 32 hours after they were made.

(u)

Barbe files his copyright of "Albino Porn" with the US Copyright office of 20 images and 4 videos see registration # VAU001282435 on 2016-12-23 and sued in the US Dist court Barbe vs Vance, et al Case 16-CV0210S-AC (D. OR).

PAGE 11

(v)

In 2017 Barber filed a provisional patent for "Biometric generation of intimate images" for defensive purposes, which is a derivative of "Simultaneous Localization and Mapping", parametrically designed 3d character modeling, with the parameters set by "Deep Nueral Networks" selected by means of genetic algorithms. He licensed his "Albino Porn" as creative commons share a like 2.0, so anyone could share them legally.

(w)

Barber imported the 3D "Albino porn" character model into the open source video game Quake 3 Arena, and renamed the title screen "Revenge Porn Simulator 2017" to be facsetious and a pun on words, and compiled it into an Html5/Javascript website capable of being played in a "webgl" enabled browser. Specifically because ORS 163.472 applies "image" to include science fictional naked space battles, but hosting it provides immunity by 47 USC §230(c)(1). (2017)

(x)

In 2017 Barber prepared several physical "revenge porn" images for the free speech protest in portland, such as "Albino Porn is white privilege" and "stop Albino supremacy", which he paid people to carry so "Antifa" would commit ORS 163.472 by live streaming the protest on the internet. He also prepared a picture from the Femen website, featuring a woman topless with a sickle and a pair of shorn testicles, as well as a picture of Bill and Hillary clinton naked that he found online that he shared on the Facebook group page.

(Y)

Barber intends to: Conspire to pay individuals to violate these state statutes to anonymously spread "Albino Porn" in their state jurisdictions; including but not limited to derivative works such as the "revenge porn simulator", "Albino Porn is white privilege", and "stop Albino supremacy", by using technology such as ToR

(Z)

Barber intends on offering "Albino Porn" merchandise such as hats, bumper stickers, T-shirts, and coffee mugs, to fund a "revenge porn tour" to committ the offenses in the territorial jurisdiction of the defendants mentioned previously in subsections (a-z).

8

Barber has availed himself of every less escalated form of dispute resolution such as: an offer of civil comprimise with ex wife for payment of money and removal of images, and writs of Habeas Corpus in every state Brum, and removal of criminal proceedings to federal court, and writs of Habeas Corpus 28 USC §2254

9

The acts intended in section 6(Y), 6(Z) are "revengeful" to the extent that since the ex wife sought fit to try to Blackmail Barber with the images, and had told people the BDSM depicted was rape, despite having admitted that no such thing had occured by authentication of the admission at trial, and having admitted to a conspiracy to arrest Barber by her own acts of dissemination, that she deserves the just deserts of her wrongful acts.

PAGE 13

10

Jaycob Patrick Holten told Barber he is a gang member, drug dealer, and hip hop artist with a legitimate job in food service. According to the record in the Circuit Court of Oregon for the County of Washington he and his ex girlfriend agreed to place their pornography on pornhub, and when she changed her mind and sent a DMCA takedown notice, he reuploaded the pornography, stating he intended to make her famous, the state claims.

11

Holten told Barber that Barber can disseminate the videos of his ex girlfriend and him having sex, on the pornographic websites, on the condition that he does not get into trouble and recieves all of the income. Barber intends on placing the videos on the websites so that Holten makes money, and his ex girlfriend becomes famous, like Paris Hilton did when her sex tape was released, and she subsequently became famous and starred in several reality TV shows.

12

Despite several DMCA takedowns and reuploads by the 4chan community, the Albino Porn has been viewed at least 50,000 times, averaging 500 views/month/video/site, but would have been 500,000 if not for the tortious takedowns. The prosecutor by the state claim there is public interest, due to the ex wife being albino and that Genre of porn being incredibly rare, the legal controversy of the videos, and that Barber is a limited public figure as well.

13

When the videos were made Barbe was a candidate
for Oregon House district 36, and was a software
engineer for the first internet voting political party
American's elect. Barbe authored a "transparency pledge"
like Karl Roves "tax payer pledge", and adopted radical
transparency of allowing full access to his email, text
messages, bank statements, and call history.

14

The "Albino porn" was found on many websites such as
Pornhub, Redtube, Thumbzilla, xhamster, Porn.com
Porntube, TNA Flix, Empflix, Barbe also deposited a
book of 20 Albino Porn Pictures in the University of
Washington Brautigan library at the Dept of New Media.

15

Since the "Revenge Porn Simulator" is HTML5/Javascript,
it was hosted by a 4chan.org user, and placed in an Iframe
in the website Kongregate, which is a website that
aggregates video games hosted by the internet and has
community social media support like chat rooms and points.

16

4chan.org is an image board ran by a japanese
person Nishamura-san in Tokyo, and is anonymous
as well as the genesis of the hacker "group" "anonymous"
that is groups of anonymous hackers with no leaders.
Boards are categorized by subject /a/ = anime /v/ =
video games /pol/ = politically correct, and each board
has temporary topics that are deleted once too many new
topics are posted and no replies are posted to the topic.

PAGE 15

17

8ch.net (8chan) is an image board ran by Jim Watkins an american living in Manilla phillipines, and unlike 4chan anyone can create a board on any subject, and it is largely uncensored, and is typically used as a bunker for 4chan users banned from 4chan janitors or when 4chan is flooded by spam topics that delete topics.

18

Twitter is a microblogging service ran by Jack Dorsey an american in San Fransisco, Twitter does ban users but typically only for becoming infamous, or for harassing or inciting harassment of other twitter users, or being a account ran by a bot only if it is supporting Donald Trump.

19

Reddit is a topic forum ran by Steve Huffman that does not store its own media files, but links to sites that do such as it's wholly owned subsidiary Imgur. Reddit allows anyone to create a "subreddit" about any topic, and moderated by the "mods" of the "subreddit" (users) users submit links or text posts, comment on those topics, and upvote or downvote topics or comments on the site.

20

Github is a website now wholly owned by Microsoft, where users share software projects such as the "revenge porn simulator" or other "deepfake" software At one time projects such as "c plus equality" a fully functioning but albeit useless feminist programming language was removed due to controversy, however deepfake software has not been removed despite equal controversy

21

Claim 1 Oregon Revised Statute 163.472 is unconstitutional

Claim 1.1 it violates the first Amendment to the US Constitution

Claim 1.2 it is a content based restriction of speech and is overbroad

Claim 1.3 it is a prior restraint or heckler's veto of speech

Claim 1.4 it is an artfully plead copyright claim

Claim 1.5 it is completely preempted by the copyright act

Claim 1.6 it is expressly preempted by the copyright act

Claim 1.7 it is expressly preemted by the CDA 47 USC § 230

Claim 1.8 it violates Art 1 § 8 cl 3 of the US Constitution

Claim 1.9 it violates Art 1 § 8 cl 8 of the US Constitution

Claim 1.10 it violates Art 1 § 10 cl 1 part 8 of the US Constitution

Claim 1.11 it violates Amendment 5 cl 4 of the US Constitution

Claim 1.12 it violates Amendment 14 § 1 of the US Constitution

22

Claim 2 Alabama Code sec 15-20A-4 to 15-20A-45 is unconstitutional

Claim 2.1 it violates the first Amendment to the US Constitution

Claim 2.2 it is a content based restriction of speech and is overbroad

Claim 2.3 it is a prior restraint or a heckler's veto of speech

Claim 2.4 it is an artfully plead copyright claim

Claim 2.5 it is completely preempted by the copyright act

Claim 2.6 it is expressly preempted by the copyright act

Claim 2.7 it is expressly preempted by the CDA 47 USC § 230

Claim 2.8 it violates Art 1 § 8 cl 3 of the US Constitution

Claim 2.9 it violates Art 1 § 8 cl 8 of the US Constitution

Claim 2.10 it violates Article 1 § 10 cl 1 part 8 of the US Constitution

Claim 2.11 it violates Amendment 5 cl 4 of the US Constitution

Claim 2.12 it violates Amendment 14 § 1 of the US Constitution.

23

Claim 3: California Penal Code 647 (J)(4) is unconstitutional

Claim 3.1: it violates the first Amendment to the US Constitution

Claim 3.2 it is a content based restriction of speech and overbroad

Claim 3.3 it is a prior restraint of speech or hecklers veto of speech

Claim 3.4 it is an artfully plead copyright claim

Claim 3.5 it is completely preempted by the Copyright act

Claim 3.6 it is expressly preempted by the Copyright act

Claim 3.7 it is expressly preempted by the CDA 47 USC §230

Claim 3.8 it violates Art 1 §8 cl 3 of the US Constitution

Claim 3.9 it violates Art 1 §8 cl8 of the US Constitution

Claim 3.10 it violates Art 1 §10 cl 1 part 8 of the US Constitution

Claim 3.11 it violates Amendment 5 cl 4 of the US Constitution

Claim 3.12 it violates Amendment 14 §1 of the US Constitution

24

Claim 4: Colorado Revised Statute 18-7-107 & 18-7-108 is unconstitutional

Claim 4.1 it violates the first Amendment to the US Constitution

Claim 4.2 it is a content based restriction of speech and overbroad

Claim 4.3 it is a prior restraint of speech or hecklers veto of speech

Claim 4.4 it is an artfully plead copyright claim

Claim 4.5 it is completely preempted by the copyright act

Claim 4.6 it is expressly preempted by the Copyright act

Claim 4.7 it is expressly preempted by the CDA 47 USC §230

Claim 4.8 it violates Art 1 §8 cl3 of the US Constitution

Claim 4.9 it violates Art 1 §8 cl8 of the US Constitution

Claim 4.10 it violates Art 1 §10 cl1 part8 of the US Constitution

Claim 4.11 it violates Amendment 5 cl 4 of the US Constitution

Claim 4.12 it violates Amendment 14 §1 of the US Constitution

25

Claim5 Connecticut General statute § 53a - 189c is unconstitutional

Claim 5.1 It violates the first Amendment to the US constitution

Claim 5.2 It is a content based restriction of speech and overbroad

Claim 5.3 It is a prior restraint of speech or a hecklers veto of speech

Claim 5.4 It is an artfully plead copyright claim

Claim 5.5 It is completely preempted by the copyright act

Claim 5.6 It is expressly preempted by the copyright act

Claim 5.7 It is expressly preempted by the CDA 47 USC §230

Claim 5.8 It violates Art 1 §8 cl3 of the US constitution

Claim 5.9 It violates Art 1 §8 cl8 of the US constitution

Claim 5.10 It violates Art 1 §10 cl1 part 8 of the US constitution

Claim 5.11 It violates Amendment 5 cl 4 of the US constitution

Claim 5.12 It violates Amendment 14 §1 of the US constitution

26

Claim 6 District of Columbia law 20-275 is unconstitutional

Claim 6.1 It violates the first Amendment to the US constitution

Claim 6.2 It is a content based restriction of speech and over broad

Claim 6.3 It is a prior restraint of speech and Hecklers veto of speech

Claim 6.4 It is an artfully plead copyright claim

Claim 6.5 It is completely preempted by the copyright act

Claim 6.6 It is expressly preempted by the copyright act

Claim 6.7 It is expressly preempted by the CDA 47 USC §230

Claim 6.8 It violates Art 1 §8 cl3 of the US constitution

Claim 6.9 It violates Art 1 §8 cl8 of the US constitution

Claim 6.10 It violates Art 1 §10 cl1 part8 of the US constitution

Claim 6.11 It violates Amendment 5 cl4 of the US constitution

Claim 6.12 It violates Amendment 14 §1 of the US constitution

27

Claim 7 florida statute 784.048 is unconstitutional

Claim 7.1 it violates the first Amendment to the US Constitution

Claim 7.2 it is a content based restriction of speech and overbroad

Claim 7.3 it is a prior restraint of speech or hecklers veto of speech

Claim 7.4 it is an artfully plead copyright claim

Claim 7.5 it is completely preempted by the copyright act

Claim 7.6 it is expressly preempted by the copyright act

Claim 7.7 it is expressly preempted by the CDA 47 USC § 230

Claim 7.8 it violates Art 1 § 8 cl 3 of the US Constitution

Claim 7.9 it violates Art 1 § 8 cl 8 of the US Constitution

Claim 7.10 it violates Art 1 § 10 cl 1 part 8 of the US Constitution

Claim 7.11 it violates Amendment 5 cl 4 of the us Constitution

Claim 7.12 it violates Amendment 14 § 1 of the US Constitution

28

Claim 8 Illinois criminal code § 11-23.5 is unconstitutional

Claim 8.1 it violates first Amendment to the us Constitution

Claim 8.2 it is a content based restriction of speech and overbroad

Claim 8.3 it is a prior restraint of speech or a hecklers veto of speech

Claim 8.4 it is an artfully plead copyright claim

Claim 8.5 it is completely preempted by the copyright act

Claim 8.6 it is expressly preempted by the copyright act

Claim 8.7 it is expressly preempted by the CDA 47 USC § 230

Claim 8.8 it violates Art 1 § 8 cl 8 of the US Constitution

Claim 8.9 it violates Art 1 § 8 cl . of the US Constitution

Claim 8.10 it violates Art 1 § 10 cl 1 part 8 of the US Constitution

Claim 8.11 it violates Amendment 5 cl 4 of the US Constitution

Claim 8.12 it violates Amendment 14 § 1 of the US Constitution

29

Claim 9. Louisiana revised statutes §14:283.2 is unconstitutional

Claim 9.1 It violates the first Amendment to the US Constitution

Claim 9.2 It is a content based restriction of speech and overbroad

Claim 9.3 It is a prior restraint of speech or heckle's veto of speech

Claim 9.4 It is an artfully plead copyright claim

Claim 9.5 It is a completely preempted by the Copyright act

Claim 9.6 It is a expressly preempted by the Copyright act

Claim 9.7 It is expressly preempted by the CDA 47USC §230

Claim 9.8 It violates Article 1 §8 cl3 of the US Constitution

Claim 9.9 It violates Article 1 §8 cl8 of the US Constitution

Claim 9.10 It violates Article 1 §10 cl1 part8 of the US Constitution

Claim 9.11 It violates Amendment 5 cl4 of the US constitution

Claim 9.12 It violates Amendment 14 §1 of the US Constitution

30

Claim 10 section 117A Maine revised statute.3 511-A is unconstitutional

Claim 10.1 It violates the first Amendment to the US Constitution

Claim 10.2 It is a content based restriction of speech and overbroad

Claim 10.3 It is a prior restraint of speech or heckle's veto of speech

Claim 10.4 It is an artfully plead copyright claim

Claim 10.5 It is completely preempted by the Copyright act

Claim 10.6 It is expressly preempted by the Copyright act

Claim 10.7 It is expressly preempted by the CDA 47USC §230

Claim 10.8 It violates Article 1 §8 cl3 of the US Constitution

Claim 10.9 It violates Article 1 §8 cl8 of the US Constitutiona

Claim 10.10 It violates Article 1 §10 cl10 of the US Constitution

Claim 10.11 It violates Amendment 5 cl4 of the US Constitution

Claim 10.12 It violates Amendment 14 §1 of the US Constitution.

31

Claim 11 minnesota statute § 617.261 is unconstitutional

Claim 11.1 it violates the first Amendment of the US Constitution

Claim 11.2 it is a content based restriction of speech and overbroad

Claim 11.3 It is a prior restraint of speech and a hecklers veto of speech

Claim 11.4 it is an artfully plead copyright claim

Claim 11.5 it is completely preempted by the copyright act

Claim 11.6 it is expressly preempted by the Copyright act

Claim 11.7 it is expressly preempted by the CDA 47 USC § 230

Claim 11.8 it violates Art 1 §8 cl 3 of the US Constitution

Claim 11.9 it violates Art 1 §8 cl 8 of the US Constitution

Claim 11.10 it violates Art 1 § 10 cl 1 part 8 of the US Constitution

Claim 11.11 it violates Amendment 5 cl 4 of the US Constitution

Claim 11.12 it violates Amendment 14 §1 of the US Constitution

32

Claim 12 Nevada revised statute chapter 200 § 2-6

Claim 12.1 it violates the first Amendment to the US Constitution

Claim 12.2 it is a content based restriction of speech and overbroad

Claim 12.3 it is a prior restraint of speech and a hecklers veto of speech

Claim 12.4 it is an artfully plead copyright claim

Claim 12.5 it is completely preempted by the copyright act

Claim 12.6 it is expressly preempted by the Copyright act

Claim 12.7 it is expressly preempted by the CDA 47 USC § 230

Claim 12.8 it violates Art 1 §8 cl 3 of the US Constitution

Claim 12.9 it violates Art 1 §8 cl 8 of the US Constitution

Claim 12.10 it violates Art 1 § 10 cl 1 part 8 of the US Constitution

Claim 12.11 it violates Amendment 5 cl 4 of the US Constitution

Claim 12.12 it violates Amendment 14 §1 of the US Constitution

33

Claim 13  New Hampshire revised statute §644:9-a
Claim 13.1 it violates the first Amendment to the US Constitution
Claim 13.2 it is a content based restriction of speech or overbroad
Claim 13.3 it is a prior restraint of speech or hecklers veto of speech
Claim 13.4 it is an artfully plead copyright claim
Claim 13.5 It is  Completely preempted by the Copyright act
Claim 13.6 it is  expressly preempted by the Copyright act
Claim 13.7 it is expressly preempted by the CDA 47 USC §230
Claim 13.8 it violates Art 1 §8 cl3 of the US Constitution
Claim 13.9 It violates Art 1 §8 cl8 of the US Constitution
Claim 13.10 it violates Art 1 §10 cl1 part8 of the US Constitution
Claim 13.11 it violates Amendment 5 cl4 of the US Constitution
Claim 13.12 it violates Amendment 14 §1 of the US Constitution

34

Claim 14 New Mexico distribution of sensitive images is unconstitutional
Claim 14.1 it violates the first Amendment of the US Constitution
Claim 14.2 it is a content based restriction of speech and overbroad
Claim 14.3 it is a prior restraint of speech or a hecklers veto of speech
Claim 14.4 it is an artfully plead Copyright claim
Claim 14.5 it is Completely preempted by the Copyright act
Claim 14.6 it is expressly preempted by the Copyright act
Claim 14.7 it is expressly preempted by the CDA 47 USC §230
Claim 14.8 it violates Art 1 §8 cl3 of the US Constitution
Claim 14.9 it violates Art 1 §8 cl8 of the US Constitution
Claim 14.10 it violates Art 1 §10 cl1 part8 of the US Constitution
Claim 14.11 it violates Amendment 5 cl4 of the US Constitution
Claim 14.12 it violates Amendment 14 §1 of the US Constitution

35

claim 15 North Carolina revised statute §143C-1-2 is unconstitutional

claim 15.1 It violates the first Amendment to the US Constitution

Claim 15.2 it is a content based restriction of speech and overbroad

Claim 15.3 it is a prior restraint of speech or hecklers veto of speech

Claim 15.4 It is an artfully plead copyright claim

Claim 15.5 it is completely preempted by the Copyright act

Claim 15.6 it is expressly preempted by the Copyright act

Claim 15.7 it is expressly preempted by the CDA 47 USC §230

Claim 15.8 it violates Art 1 §8 cl3 of the US Constitution

Claim 15.9 It violates Art 1 §8 cl8 of the US Constition

Claim 15.10 it violates Art 1 §10 cl1 part 8 of the US Constitution

Claim 15.11 it violates Amendment 5 cl4 of the US Constitution

Claim 15.12 it violates Amendment 14 §1 of the US Constitution

36

Claim 16 oklahoma code Title 21 §1040.13b is unconstitutional

Claim 16.1 It violates the first Amendment to the US Constitution

Claim 16.2 it is a content based restriction of speech and overbroad

Claim 16.3 it is a prior restraint of speech or hecklers veto of speech

Claim 16.4 it is an artfully plead Copyright claim

claim 16.5 it is completely preempted by the Copyright act

Claim 16.6 it is expressly preempted by the Copyright act

Claim 16.7 it is expressly preempted by the CDA 47 USC §230

Claim 16.8 it violates Art 1 §8 cl3 of the US Constitution

Claim 16.9 it violates Art 1 §8 cl8 of the US Constitution

Claim 16.10 It violates Art 1 §8 cl1 part 8 of the US Constitution

Claim 16.11 it violates Amendment 5 cl4 of the US Constitution

Claim 16.12 It violates Amendment 14 §1 of the US Constitution

37

Claim 17 Pennslyvania consolidated statute Title18§3131 is unconstitutional

Claim17.1 It violates the first Amendment to the US Constitction

Claim 17.2 It is a Content based restriction of speech and overbroad

Claim 17.3 It is a prior restraint of speech or hecklers veto of speech

Claim 17.4 It is an artfully plead Copyright claim

Claim 17.5 It is completely preempted by the Copyright act

Claim 17.6 It is expressly preempted by the Copyright act

Claim 17.7 It is expressly preempted by the CDA 47usc§230

Claim 17.8 It violates Art 1§8cl3 of the US Constitution

Claim 17.9 It violates Art 1§8 cl8 of the US Constitution

Claim 17.10 It violates Art 1§10 cl1 part8 of the US Constitution

Claim 17.11 It violates Amendment 5 cl4 of the US Constitution

Claim 17.12 It violates Amendment 14§1 of the US Constitution

38

Claim 18 Texas Penal code 21.16 is unconstitutional

Claim 18.1 It violates the first Amendment to the US Constitution

Claim 18.2 It is a content based restriction of speech and overbroad

Claim 18.3 It is a prior restraint of speech or hecklers veto of speech

Claim 18.4 It is an artfully plead Copyright claim

Claim 18.5 It is Completely preempted by the Copyright act.

Claim 18.6 It is expressly preempted by the copyright act

Claim 18.7 It is expressly preempted by the CDA 47usc §230

Claim 18.8 It violates Art 1§8cl3 of the US Constitution

Claim 18.9 It violates Art 1§8cl8 of the US Constitution

Claim 18.10 It violates Art 1§10cl1 part8 of the US Constitution

Claim 18.11 It violates Amendment 5 cl4 of the US Constitution

Claim 18.12 It violates Amendment 14§1 of the US Constitution

39

Claim 19  Utah Code 376-5b-203 is unconstitutional

Claim 19.1 It violates the first Amendment to the US constitution

Claim 19.2 It is a content based restriction of speech and overbroad

Claim 19.3 It is a prior restraint of speech or hecklers veto of speech

Claim 19.4 It is an artfully plead copyright claim

Claim 19.5 It is completely preempted by the copyright act

Claim 19.6 It is expressly preempted by the copyright act

Claim 19.7 It is expressly preempted by the CDA 47 USC § 230

Claim 19.8 It violates Art 1 § 8 cl 3 of the US Constitution

Claim 19.9 It violates Art 1 § 8 cl 8 of the US Constitution

Claim 19.10 It violates Art 1 § 10 cl 1 part 8 of the US Constitution

Claim 19.11 It violates Amendment 5 cl 4 of the US Constitution

Claim 19.12 It violates Amendment 14 § 1 of the US Constitution

40

Claim 20 vermont statute authority sec 2.13 § 2606 is unconstitutional

Claim 20.1 It violates the first Amendment to the US Constitution

Claim 20.2 It is a content based restriction and is overbroad

Claim 20.3 It is a prior restraint of speech or hecklers veto of speech

Claim 20.4 It is an artfully plead copyright claim

Claim 20.5 It is completely preempted by the copyright act

Claim 20.6 It is expressly preempted by the copyright act

Claim 20.7 It is expressly preempted by the CDA 47 USC § 230

Claim 20.8 It violates Art 1 § 8 cl 3 of the US Constitution

Claim 20.9 It violates Art 1 § 8 cl 8 of the US Constitution

Claim 20.10 It violates Art 1 § 10 cl 1 part 8 of the US Constitution

Claim 20.11 It violates Amendment 5 cl 4 of the US Constitution

Claim 20.12 It violates Amendment 14 § 1 of the US Constitution

41

claim 21 virginia Code § 18.2-386.2 is unconstitutional

claim 21.1 It violates the first Amendment to the US Constitution

Claim 21.2 It is a content based restriction of speech and overbroad

Claim 21.3 It is a prior restraint of speech or hecklers veto of speech

Claim 21.4 It is an artfully plead Copyright Claim

Claim 21.5 It is completely preempted by the Copyright act

Claim 21.6 It is expressly preempted by the Copyright act

Claim 21.7 It is expressly preempted by the CDA 47 USC § 230

Claim 21.8 It violates Art 1 § 8 cl 3 of the US Constitution

Claim 21.9 It violates Art 1 § 8 cl 8 of the US Constitution

Claim 21.10 It violates Art 1 § 10 cl 1 part 8 of the US Constitution

Claim 21.11 It violates Amendment 5 cl 4 of the US Constitution

Claim 21.12 It violates Amendment 14 § 1 of the US Constitution

42

claim 22 washington Title 9a § 424.795 is unconstitutional

claim 22.1 It violates the first Amendment to the US Constitution

Claim 22.2 It is a content based restriction of speech and is overbroad

Claim 22.3 It is a prior restraint or hecklers veto of speech

Claim 22.4 It is an artfully plead Copyright Claim

Claim 22.5 It is completely preempted by the Copyright act

Claim 22.6 It is expressly preempted by the Copyright act

Claim 22.7 It is expressly preempted by the CDA 47 USC § 230

Claim 22.8 It violates Art 1 § 8 cl 3 of the US Constitution

Claim 22.9 It violates Art 1 § 8 cl 8 of the US Constitution

Claim 22.10 It violates Art 1 § 10 cl 1 part 8 of the US Constitution

Claim 22.11 It violates Amendment 5 cl 4 of the US Constitution

Claim 22.12 It violates Amendment 14 § 1 of the US Constitution

43

Claim 23 west virginia code § 61-8-28a is unconstitutional
Claim 23.1 it violates the first Amendment to the US Constitution
Claim 23.2 it is a content based restriction of speech and overbroad
Claim 23.3 it is a prior restraint of speech or hecklers veto of speech
Claim 23.4 it is an artfully plead Copyright Claim
Claim 23.5 it is completely preempted by the Copyright act
Claim 23.6 it is expressly preempted by the Copyright act
Claim 23.7 it is expressly preempted by the CDA 47 USC § 230
Claim 23.8 it violates Art 1 § 8 cl 3 of the US Constitution
Claim 23.9 it violates Art 1 § 8 cl 8 of the US Constitution
Claim 23.10 it violates Art 1 § 10 cl 1 part 8 of the US Constitution
Claim 23.11 it violates Amendment 5 cl 4 to the US Constitution
Claim 23.12 it violates Amendment 14 § 1 to the US Constitution

44

Claim 24 code of wisconsin § 942.09 is unconstitutional
Claim 24.1 it violates the first Amendment to the US Constitution
Claim 24.2 it is a content based restriction of speech and overbroad
Claim 24.3 it is a prior restraint of speech or hecklers veto of speech
Claim 24.4 it is an artfully plead Copyright Claim
Claim 24.5 it is completely preempted by the Copyright act
Claim 24.6 it is expressly preempted by the Copyright act
Claim 24.7 it is expressly preempted by 47 USC § 230
Claim 24.8 it violates Art 1 § 8 cl 3 of the US Constitution
Claim 24.9 it violates Art 1 § 8 cl 8 of the US Constitution
Claim 24.10 it violates Art 1 § 10 cl 1 part 8 of the US Constitution
Claim 24.11 it violates Amendment 5 cl 4 to the US Constitution
Claim 24.12 it violates Amendment 14 § 1 to the US Constitution

45

Claim 25 Arkansas Code 5-26-314 is unconstitutional

Claim 25.1 It violates the first Amendment to the US Constitution

Claim 25.2 It is a content based restriction of speech and is overbroad

Claim 25.3 It is a prior restraint of speech or a heckler's veto of speech

Claim 25.4 It is an artfully plead copyright claim

Claim 25.5 It is completely preempted by the Copyright act

Claim 25.6 It is expressly preempted by the Copyright act

Claim 25.7 It is expressly preempted by the CDA 47 USC §230

Claim 25.8 It violates Art 1 §8 cl 3 of the US Constitution

Claim 25.9 It violates Art 1 §8 cl 8 of the US Constitution

Claim 25.10 It violates Art 1 §10 cl 1 part 8 of the US Constitution

Claim 25.11 It violates Amendment 5 cl 4 of the US Constitution

Claim 25.12 It violates Amendment 14 §1 of the US Constitution

46

Claim 26. North Dakota Century Code § 12.1-17-07.2 is unconstitutional

Claim 26.1 It violates the first Amendment to the US Constitution

Claim 26.2 It is a content based restriction of speech and is overbroad

Claim 26.3 It is a prior restraint of speech or a heckler's veto of speech

Claim 26.4 It is an artfully plead copyright claim

Claim 26.5 It is completely preempted by the Copyright act

Claim 66.6 It is expressly preempted by the Copyright act

Claim 26.7 It is expressly preempted by the CDA 47 USC §230

Claim 26.8 It violates Art 1 §8 cl 3 of the US Constitution

Claim 26.9 It violates Art 1 §8 cl 8 of the US Constitution

Claim 26.10 It violates Art 1 §10 cl 1 part 8 of the US Constitution

Claim 26.11 It violates Amendment 5 cl 4 of the US Constitution

Claim 26.12 It violates Amendment 14 §1 of the US Constitution

47

Claim 25 the statutes in Claims 1-26 violate the first Amendment rights of Barber to either share "Albino Porn" he authored in the territorial jurisdiction of the state; or pay others to share his "Albino Porn" in the territory of their state.

48

Claim 26 the statutes in claims 1-26 violate the first Amendment rights of Barber to view the "revenge porn" of others in the territorial jurisdiction of their state and form a negative opinion of that person; or then subsequently use his first Amendment right to share those images with others in their territorial jurisdiction, or pay others to share those images in those territories.

49

Claim 27 the statutes in claims 1-26 violate the rights of Barber and others to license their Copyrighted works with the websites mentioned in ¶¶14-20 for free or for profit within their territorial jurisdiction, or to make or prepare derivative works such as merchandise for sale, when it violates those statutes as "revenge porn".

50

claim 28 the statutes in claims 1-26 violate the rights of Barber and others to share new "revenge porn" images, such as those science fictional nude space battles in the "revenge porn simulator", based on the likeness of others derived from the images provided by themselves or by those others, using photogrammetry methods, or based on tools like photoshop, or even oil paint on canvass

PAGE 31

51

Claim 29 The statutes in Claims 1-2 violate the rights of others to view the "revenge porn" of Barber or others, and form a negative opinion of the person; or subsequently use their first Amendment right to share those images with others in the territorial jurisdiction where it is forbidden.

52

Claim 30 Barber, and others, are at risk of Multiple prosecutions for insisting to exercise their first Amendment right despite a prior conviction

53

Claim 31 The Order by Hon Acosta and Hon Simon in Case no 16-CV02105-AC ECF 371 ("plaintiff may not file a new case challenging the Constitutionality of ORS163.472") violates Barbers first Amendment rights as a prior restraint.

54

Claim 32 17 USC §511 eliminates all judicial immunity, and sovereign immunity, and eleventh Amendment immunity, and was passed pursuant to: Article 1 §8 cl8 to the US Constitution; Article 1 §8 cl3 to the US Constitution; Amendment 14 §5 to the US Constitution; and to comply with international treaties: WTO, WIPO; NAFTA; BERNE.

55

Claim 33 Barber and others have been falsely arrested and incarcerated in violation of clearly established law with bad faith to suppress and retaliate against the exercise of their first Amendment rights

PAGE 32

56

## Relief Requested

Remedy 1: Declaratory judgement that ORS 163.472 is unconstitutional

Remedy 2: An injunction enjoining enforcement of ORS 163.472 pursuant to 42 USC §1983 and 28 USC §2283

Remedy 3: An injunction enjoining enforcement of ORS 163.472 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 4: A class action Habeas Corpus releasing all persons Convicted of ORS 163.472, and expungment of anyones Conviction of ORS 163.472 pursuant to 28 USC §1651 in aid of the Courts exclusive subject matter jurisdiction, and for violating their first Amendment rights.

57

Remedy 5: Declaratory judgement that Alabama code sec 15-20A-4 to 15-20A-45 is unconstitutional

Remedy 6: An injunction enjoining enforcement of Alabama Code sec 15-20A-4 to 15-20A-45 pursuant to 42 USC §1983 and 28 USC §2283

Remedy 7: An injunction enjoining enforcement of Alabama Code sec 15-20A-4 to 15-20A-45 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 8: A class action Habeas Corpus releasing all persons Convicted of Alabama code sec 15-20A-4 to 15-20A-45, and expungement of anyones conviction of Alabama code sec 15-20A-4 to 15-20A-45 pursuant to 28 USC §1651 in aid of the Courts exclusive subject matter jurisdiction, and for violating their first Amendment rights.

57

Remedy 9: Declaratory judgement that California Penal Code 647(J)(4) is unconstitutional

Remedy 10: An injunction enjoining enforcement of California Penal Code 647(J)(4) pursuant to 28USC§2283 and 42USC§1983

Remedy 11: An injunction enjoining enforcement of California Penal Code 647(J)(4) pursuant to 17USC§502 and 28 USC§1651 (all writs act)

Remedy 12: A class action Habeas Corpus releasing all persons convicted of California Penal Code 647(J)(4), and expungement of anyones conviction of California Penal Code 647(J)(4) pursuant to 28USC§1651 in aid of the courts exclusive subject matter jurisdiction and for violating their first Amendment rights

59

Remedy 13: Declaratory judgement that Colorado Revised statute 18-7-107 & 18-7-108 is unconstitutional

Remedy 14: An injunction enjoining enforcement of Colorado Rev. Stat. 18-7-107 & 18-7-108 pursuant to 28USC§2283 and 42USC§1983

Remedy 15: An injunction enjoining enforcement of Colorado Rev. Stat. 18-7-107 & 18-7-108 pursuant to 17USC§502 and 28USC§1651(all writs act)

Remedy 16: A class action Habeas corpus releasing all persons convicted of Colorado Rev Stat 18-7-107 & 18-7-108 pursuant to 28USC§1651 in aid of the courts exclusive subject matter jurisdiction and for violating their first Amendment rights.

60

Remedy 17: Declaratory judgement that Conneticut General statute
§53a-189C is unconstitutional

Remedy 18: An injunction enjoining enforcement of Conneticut Gen.
stat. §53a-189C pursuant to 28 USC §2283 and 42 USC §1983

Remedy 19: An injunction enjoining enforcement of Conneticut Gen.
stat §53a-189C pursuant to 17 USC §502 and 28 USC §1651
(all writs act)

Remedy 20: A class action Habeas Corpus releasing all persons
Convicted of Conneticut Gen. stat §53a-189C; and expungment
of anyones Conviction of Conneticut Gen. stat. §53a-189C
pursuant to 28 USC §1651 in aid of the courts exclusive
subject matter/jurisdiction, and for violating their first
Amendment rights

61

Remedy 21 Declaratory judgement that District of Columbia
law 20-275 is unconstitutional

Remedy 22: An injunction enjoining enforcement of D.C. Law
20-275 pursuant to 28 USC §2283 and 42 USC §1983

Remedy 23 An injunction enjoining enforcement of DC Law
20-275 pursuant to 17 USC§512 and 28 USC§1651 (all writs act)

Remedy 24 A class action Habeas Corpus releasing all persons
Convicted of DC Law 20-275; and expungment of anyones
Conviction of D.C. Law 20-275 pursuant to 28 USC §1651
in aid of the Courts exclusive subject Matter jurisdiction
, and for violating their first Amendment rights

PAGE 35

62

Remedy 25 Declaratory Judgement that Florida statute § 784-049 is unconstitutional

Remedy 26 An injunction enjoining enforcement of Florida statute §784-049 pursuant to 28 USC §2283 and 42 USC §1983

Remedy 27 An injunction enjoining enforcement of Florida statute §784-049 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 28 A class action Habeas Corpus releasing all persons Convicted of Florida statute §784-049; and expungement of anyones conviction of Florida statute §784-049 in aid of the courts exclusive subject matter jurisdiction, and for violating their first Amendment rights.

63

Remedy 29 Declaratory judgement that Illinois criminal code § 11-23.5 is unconstitutional

Remedy 30 An injunction enjoining enforcement of Illinois criminal code §11-23.5 pursuant to 28 USC §2283 and 42 USC §1983

Remedy 31 An injunction enjoining enforcement of Illinois criminal code §11-23.5 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 32 A class action Habeas Corpus releasing all persons Convicted of Illinois criminal code §11-23.5; and expungement of anyones conviction of Illinois criminal code §11-23.5 in aid of the courts exclusive subject matter jurisdiction, and for violating their first Amendment rights

PAGE 36

64

Remedy 33 Declaratory judgement that Louisiana revised statute §14:283.2 is unconstitutional

Remedy 34 An injunction enjoining enforcement of Louisiana revised statute §14:283.2 pursuant to 28 USC §2283 and 42 USC §1983

Remedy 35 An injunction enjoining enforcement of Louisiana Rev. Stat. §14:283.2 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 36 A class action Habeas Corpus releasing all persons convicted of Louisiana Rev. Stat. §14:283.2, and expungment of any ones conviction of Louisiana Rev. Stat. §14:283.2 pursuant to 28 USC §1651 in aid of the courts exclusive subject matter jurisdiction and for violating their first Amendment rights

65

Remedy 37 Declaratory judgement that sec 1.17A Maine revised statute 511-A is unconstitutional

Remedy 38 An injunction enjoining enforcement of Sec 1.17A Maine revised statute 511-A pursuant to 28 USC §2283 and 42 USC §1983

Remedy 39 An injunction enjoining enforcement of Sec 1.17A Maine revised statute 511-A pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 40 A class action Habeas Corpus releasing all persons convicted of Sec 1.17A Maine revised statute 511-A, and expungement of any ones conviction of sec 1.17A Maine revised statute 511-A in aid of the courts exclusive subject matter jurisdiction, and for violating their first Amendment rights

66

Remedy 41 Declaratory judgement that Minnesota statute § 617.261 is unconstitutional

Remedy 42 An injunction enjoining enforcement of Minnesota statute §617.261 pursuant to 28 USC §2283 and 42 USC §1983

Remedy 43 An injunction enjoining enforcement of Minnesota statute §617.261 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 44 A class action Habeas corpus releasing all persons convicted of Minnesota statute §617.261; and expungment of anyones conviction of Minnesota Statute §617.261 pursuant to 28 USC §1651 in aid of the Courts exclusive subject matter jurisdiction and violating their first Amendment rights

67

Remedy 45 Declaratory judgement that Nevada revised statutes chapter 200 §.2-6 is unconstitutional

Remedy 46 An injunction enjoining enforcement of Nevada rev. Stat. Ch. 200 §2-6 pursuant to 28 USC §2283 and 42 USC §1983

Remedy 47 An injunction enjoining enforcement of Nevada Rev. Stat. Ch. 200§2-6 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 48 A class action Habeas corpus releasing all persons convicted of Nevada Rev. Stat. Ch. 200 §2-6, and expungment of anyones conviction of Nevada Rev. Stat. Ch. 200§2-6 pursuant to 28 USC §1651 in aid of the Courts exclusive subject matter jurisdiction and violating their first Amendment rights

68

Remedy 49 Declaratory judgement that New Hampshire revised statute §644:9-a is unconstitutional

Remedy 50 An injunction enjoining enforcement of New Hampshire rev. Stat. §644:9-a pursuant to 28 USC§2283 and 42 USC§1983

Remedy 51 An injunction enjoining enforcement of New Hampshire rev. stat. §644:9-a pursuant to 17 USC§502 and 28 USC§1651

Remedy 52 A class action habeas Corpus releasing all persons Convicted of New Hampshire Rev. Stat. §644:9-a; and expungement of anyones Conviction of New Hampshire Rev. Stat. §644:9-a pursuant to 28 USC §1651 in aid of the Courts exclusive subject matter jurisdiction, and for violating their first Amendment rights

69

Remedy 53 Declaratory judgement that New Mexico statute "unauthorized distribution of sensitive images" is unconstitutional

Remedy 54 An injunction enjoining enforcement of New Mexico statute "unauthorized distribution of sensitive images pursuant to 28 USC§2283 and 42 USC §1983

Remedy 55 An injunction enjoining enforcement of New Mexico statute "unauthorized distribution of sensitive images" pursuant to 17 USC§502 and 28 USC§1651 (all writs act)

Remedy 56 A class action habeas Corpus releasing all persons convicted of New Mexico statute "unauthorized distribution of sensitive images"; and expungement of anyones Conviction of New Mexico statute "unauthorized distribution of sensitive images" pursuant to 28 USC§1651, in aid of the Courts exclusive subject matter jurisdiction, and violation of their first Amendment rights

PAGE 39

7.

Remedy 57 declaratory judgment that North Carolina statute §143C-1-2 is unconstitutional

Remedy 58 An injunction enjoining enforcement of North Carolina Stat §143C-1-2 pursuant to 28 USC §2283 and 42 USC §1983

Remedy 59 An injunction enjoining enforcement of North Carolina Stat §143C-1-2 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 60 A class action Habeas Corpus releasing all persons convicted of North Carolina Stat §143C-1-2; and expunging anyones conviction of North Carolina Stat. §143C-1-2 pursuant to 28 USC §1651 in aid of the Courts exclusive subject matter jurisdiction and for violating their first Amendment rights.

71

Remedy 61 declaratory judgement that North Dakota Century Code section 12.1-17-07.2

Remedy 62 An injunction enjoining enforcement of North Dakota Century Code Sec. 12.1-17-07.2 pursuant to 28 USC §2283 and 42 USC §1983

Remedy 63 An injunction enjoining enforcement of North Dakota Century Code sec. 12.1-17-07.2 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 64 A class action habeas Corpus releasing all persons Convicted of North Dakota Century Code sec. 12.1-17-07.2; and expunging anyones Conviction of North Dakota Century Code sec. 12.1-17-07.2 pursuant to 28 USC §1651 in aid of the Courts exclusive subject matter jurisdiction and for violating their first Amendment rights.

72

Remedy 65 Declaratory judgement that Arkansas code §
5-26-324 is unconstitutional

Remedy 66 An injunction enjoining enforcement of
Arkansas code § 5-26-324 pursuant to 42 USC §1983 and
28 USC § 2283

Remedy 67 An injunction enjoining enforcement of
Arkansas Code §5-26-324 pursuant to 17 USC §502
and 28 USC §1651 (all writs act)

Remedy 68 A class action habeas corpus releasing all
persons convicted of Arkansas code §5-26-324; and
expungement of anyones conviction of Arkansas code
§5-26-324 pursuant to 28 USC §1651 in aid of the courts
exclusive subject matter jurisdiction, and for violating
their first Amendment rights

73

Remedy 69 Declaratory judgement that oklahoma
Title 21 §1040.13b is unconstitutional

Remedy 70 An injunction enjoining enforcement of Oklahoma
Title 21 §1040.13b pursuant to 28 USC §2283 and 42 USC §1983

Remedy 71 An injunction enjoining enforcement of Oklahoma
Title 21 §1040.13b pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 72 A class action habeas Corpus releasing all persons
Convicted of Oklahoma Title 21 §1040.13b, and expungement of
anyones Conviction of Oklahoma Title 21 §1040.13b pursuant to
28 USC §1651 in aid of the courts exclusive subject matter
jurisdiction, and for violating their first Amendment rights.

PAGE 41

74

Remedy 73 Declaratory judgment that Pennslyvania Consolidated statute Title 18 §3131 is unconstitutional

Remedy 74 An injunction enjoining enforcement of Pennslyvania Consolidated statute Title 18 §3131 pursuant to 28 USC §2283 and 42 USC §1983

Remedy 75 An injunction enjoining enforcement of Pennslyvania Consolidated statute Title 18 §3131 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 76 A class action habeas corpus releasing all persons Convicted of Pennslyvania Consolidated statute Title 18 § 3131, and expungment of anyones Conviction of Pennslyvania Consolidated statute Title 18 §3131 pursuant to 28 USC §1651 in aid of the Courts exclusive subject Matter jurisdiction, and for violating their first Amendment rights.

75

Remedy 77 Declaratory judgement that Texas Penal code 21.16 is unconstitutional

Remedy 78 An injunction enjoining enforcement of Texas Penal Code 21.16 pursuant to 42 USC §1983 and 28 USC §2283

Remedy 79 An injunction enjoining enforcement of Texas Penal code 21.16 pursuant to 28 USC §1651 (all writs act) and 17 USC §502

Remedy 80 A class action habeas corpus releasing all persons Convicted of Texas Penal code § 21.16, and expungement of anyones Conviction of Texas Penal code 21.16 pursuant to 28 USC §1651 in aid of the Courts exclusive subject Matter jurisdiction, and for violating their first Amendment rights.

Remedy 81 Declaratory judgement that Utah Code §76-5b-203

Remedy 82 An injunction enjoining enforcement of Utah Code §76-5b-203 pursuant to 42 USC §1983 and 28 USC §2283

Remedy 83 An injunction enjoining enforcement of Utah Code §76-5b-203 pursuant to 17 USC §502 and 28 USC §1651

Remedy 84 A class action habeas corpus releasing all persons convicted of Utah Code §76-5b-203, and expungement of anyones conviction of Utah Code §76-5b-203 pursuant to 28 USC §1651, in aid of the Courts exclusive subject matter jurisdiction, and for violating their first Amendment rights

77

Remedy 85 Declaratory judgement that vermont statute authority sec 2.13 §2606 is unconstitutional

Remedy 86 An injunction enjoining enforcement of vermont statute authority sec 2.13 §2606 pursuant to 28 USC §2283 and 42 USC §1983

Remedy 87 An injunction enjoining enforcement of vermont statute authority sec 2.13 §2606 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 88 A class action habeas corpus releasing all persons convicted of vermont statute authority sec 2.13 §2606, and expungement of anyones conviction of vermont statute authority sec 2.13 §2606 pursuant to 28 USC §1651, in aid of the Courts exclusive subject matter jurisdiction, and for violating their first Amendment rights.

Remedy 89 Declaratory judgement that virginia Code §18.2-386.2 is unconstitutional

Remedy 90 An injunction enjoining enforcement of virginia Code §18.2-386.2 pursuant to 28 USC §2283 and 42 USC §1983

Remedy 91 An injunction enjoining enforcement of virginia Code §18.2-386.2 pursuant to 17 USC §502 and 28 USC §1651 (all writs act)

Remedy 92 A class action habeas Corpus releasing all persons Convicted of virginia Code §18.2-386.2, and expungement of anyones conviction of virginia code §18.2-386.2 pursuant to 28 USC §1651 in aid of the Courts exclusive subject matter jurisdiction, and violating their first Amendment rights.

79

Remedy 93 Declaratory judgement that Revised Code of washington Title 9a § 424.795 is unconstitutional

Remedy 94 An injunction enjoining enforcement of revised Code of washington Title 9a § 424.795 pursuant to 42 USC §1983 and 28 USC § 2283

Remedy 95 An injunction enjoining enforcement of revised Code of washington Title 9a § 424.795 pursuant to 17 USC §502 and 28 USC § 1651 (all writs act)

Remedy 96 A class action habeas Corpus releasing all persons Convicted of Revised Code of washington Title 9a § 424.795 and expunging anyones conviction of Revised Code of Washington Title 9a § 424.795 pursuant to 28 USC §1651 in aid of the Courts exclusive subject Matter jurisdiction, and for violating their first Amendment rights

PAGE 44

80

Remedy 97 Declaratory judgement that west virginia Code § 61-8-28a is unconstitutional

Remedy 98 An injunction enjoining enforcement of west virginia Code § 61-8-28a pursuant to 42 USC § 1983 and 28 USC § 2283

Remedy 99 An injunction enjoining enforcement of west virginia code § 61-8-28a pursuant to 17 USC § 502 and 28 USC § 1651 (all writs act)

Remedy 100 A class action habeas corpus releasing all persons convicted of west virginia code § 61-8-28a, and expungement of anyones conviction of west virginia code § 61-8-28a pursuant to 28 USC § 1651 in aid of the courts exclusive subject matter jurisdiction, and for violating their first Amendment right.

81

Remedy 101 Declaratory judgement that code of wisconsin § 942.09 is unconstitutional

Remedy 102 An injunction enjoining enforcement of Code of wisconsin § 942.09 pursuant to 28 USC § 2283 and 42 USC § 1983

Remedy 103 An injunction enjoining enforcement of Code of wisconsin § 942.09 pursuant to 17 USC § 502 and 28 USC § 1651 (all writs act)

Remedy 104 A class action habeas corpus releasing all persons convicted of Code of wisconsin § 942.09, and expunging anyones conviction of Code of wisconsin § 942.09 pursuant to 28 USC § 1651 in aid of the courts exclusive subject matter jurisdiction, and for violating their first Amendment rights

82

Remedy 105 declaratory judgement that 17 USC §511 waives judicial immunity of state court judges and prosecutors.

Remedy 106 declaratory judgement that 17 USC §511 waives sovereign immunity and 11th Amendment immunity

Remedy 107 Declaratory judgement that 17 USC §511 was passed pursuant to Amendment 1485, and is congruent and proportional to Congresses powers, to prevent the siezing of intellectual property by states

Remedy 108 Declaratory judgement that 17 USC §511 was passed pursuant to congresses power under Article 1 §8 cl 8 and Article 1 §8 cl 3 of the US constitution, and was congruent and proportional to Congresses power to provide uniform Copyright laws and protect their exclusive subject matter jurisdiction, and the states waived their rights in the Constitutional Convention by assenting to the national governments powers to regulate copyright.

Remedy 109 Declaratory judgement that 17 USC §511 was passed to satisfy international treaty obligations. that waive government immunity for intellectual property violations by government actors, that the statute is congruent and proportional to satisfy those obligations of the treaties such as: WTO; WIPO; NAFTA; Berne and others

Remedy 110 That Congresses intention that was clarified in 17 USC §511 (Copyright remedy Clarification act); was enacted in 17 USC §201 (e) not merely violations of 17 USC §106, over fears that government actors would use copyright laws as a tool of censorship to bypass the first Amendment.

PAGE 46

83

Remedy 111 Declaratory judgement that statute 17 USC§301 and jurisdictional statutes 28 USC§1338 and 28 USC§1454 completely preempt any state or common law claim that it preempts, giving the district court exclusive subject matter jurisdiction, and any state proceeding lacked jurisdiction

Remedy 112 Declaratory judgement that Copyright preempts state law claims that: (see eg 17 USC §106, 201, 204, 301)

(a) challenge control of the artistic work itself

(b) are infringed by the mere act of reproduction, distribution or display

(c) interefere with the exclusive rights of a Copyright holder

(d) Claim unauthorized publication

(e) any theory of publicity, disclosure of private facts, emotional distress, control of name or likeness, implied Contract, promissary estoppel, outrage, right to be forgotten, implied trust, Constructive trust, Conversion, oral Contract, constructive Contract, nuisance.

84

Remedy 113 Declaratory judgement that any statute that requires a persons permission to not be violated, or that is an artfully plead copyright claim, or that prevents speakers from speaking to or forming the opinion of willing listeners, is a prior restraint of speech.

Remedy 114 Declaratory judgement that any content, or viewpoint, or prior restraint of speech fails strict scrutiny, because it is a criminal statute, and therefore not the least restrictive means of achieving a compelling state interest.

PAGE 47

Remedy 115 Declaratory judgement that statutes based on emotional distress, outrage, reputational harm, or dignity interests do not state a compelling interest, and fail strict scrutiny and are overbroad for the first Amendment.

Remedy 116 Declaratory judgement that there is no privacy interest in information willingly given to a third party, absent a physical or computer trespass by the person to obtain the information.

85

Remedy 116 Declaratory judgement that the CDA 47 USC §230 immunizes users of websites that post information provided by another information content provider

86

Remedy 117 Declaratory judgement that since congress acted in the field of regulating the internet content standards, and regulating copyrights, that states cannot infringe on it's dormant authority to regulate those fields under Article 1 Section 8 of the US Constitution

87

Remedy 118 Declaratory judgement that by preventing copyright owners to use their works, that the state has performed a regulatory taking of intellectual property.

88

Remedy 119 Declaratory judgement that requiring affirmative consent, creating a constructive trust, a constructive contract, implied contract, all violate the contract clause of the Constitution, if it allows someone to withdraw consent or burden them with new agreements

PAGE 48

89

Remedy 120 Declaratory judgement that prosecutions made were done so in bad faith to suppress and retaliate against persons exercising their first Amendment rights

Remedy 121 Declaratory judgement that Content and view point based restrictions of speech are presumptively invalid, and are flagrantly unconstitutional if they do not satisfy strict scrutiny

Remedy 123 Declaratory judgement that prior restraints of speech are presumptively invalid and are flagrantly unconstitutional if they do not satisfy strict scrutiny

Remedy 124 Declaratory judgement that Content based and view point based and prior restraint based restrictions of speech, made with the purpose of suppressing: unpopular viewpoints, outrageous speech, emotional reactions to speech, or damage to reputations caused by true facts are flagrantly unconstitutional

Remedy 125 Declaratory judgement that statutes Completely preempted by the Copyright act 17USC§301 are flagrantly unconstitutional attempts to usurp Congresses desire to establish a uniform Copyright scheme and exclusive subject matter jurisdiction with artful pleading.

Remedy 126 Declaratory judgement that states have no compelling interest in enforcement of laws completely preempted by the Copyright act outside their jurisdiction

Remedy 127 Declaratory judgement that persons who were charged with unconstitutional speech statutes will be subject to multiple prosecutions for exercising their rights.

PAGE 49

90

Remedy 128 Declaratory judgement that persons
Convicted of statutes in claims 1-26 were wrongfully
convicted, falsely arrested, and wrongfully imprisoned
and wrongfully search and siezed contrary to clearly
established law to the contrary

91

Remedy 129 Declaratory judgement that Hon Judge
Simon and Hon Judge Acosta imposed an unlawful
prior restraint of speech in claim 33 in violation of
clearly established law, and ORS 163.47 is flagrantly
unconstitutional and abstention was an abuse of discretion

92

Remedy 130 Appointment of class action status and also
class action counsel, to arrange the exoneration of persons
whose wrongful convictions were secured by the statutes
mentioned in claims 1-26

93

Remedy 131 Appointment of a special master to oversee
the exoneration of persons who were wrongfully convicted
by the statutes in claims 1-26

94

Remedy 132 whatever other relief the Court deems proper.

Date 10-9-2019                    50              /S/ Ben Barber