In the US District Court for the District of Oregon

FILED 23 OCT '19 10:42 USDC-ORP

Benjamin Barber

vs

Oregon, et al

Case no 19-cv-01631-YY

Motion for Preliminary Injunction

Benjamin Barber seeks a preliminary injunction enjoining operation of ORS 163.472, and his present incarceration pursuant to 17 USC § 502, 28 USC § 1651, 2283

ORS 163.472 is a content based, viewpoint based criminal restriction of speech, that requires a prepublication license (a prior restraint), that is completely preempted by the Copyright act, and is a hecklers veto of speech

Barber is likely to prevail on the merits, because the supreme court has never upheld a prior restraint of pure speech see Matter of Providence Journal Company 820 F.2d 1342; Content based speech restrictions are presumptively invalid see United States v. Playboy Entertainment Group 529 US 803, 817, and the government bears the burden to rebut that presumption; There is a heavy presumption against the validity of a prior restraint Bantam Books, Inc v. Sullivan 372 US 58, 70; Statutes that are preempted by the Copyright Act 17 USC § 301 arise under federal law and are under the exclusive subject matter jurisdiction of the District Court see Rociszewski v. Arete Associates Inc 1 F 3d 225, 232-233 see also Voltage Pictures LLC v. Doe (USDC. D. OR) 6:14-CV816-MC at 2-3

PAGE 1

The balance of equities tip in the favor of the plaintiff; also because "damage from a prior restraint -- even a prior restraint of the shortest duration -- is extraordinarily grave" Columbia Broadcasting Sys v. United States District Court for the Central Dist. of Cal. 729 F.2d 1174, 1175 (citing Elrod v. Burns 427 US 347, 373) and "prevent harm to first Amendment rights that would occur" In re Asbestos school litigation 46 F.3d 1284, 1286. Moreover to prevent state courts from usurping exclusive district court jurisdiction over copyright claims or claims completely preempted by the Copyright act see Goldblum v. National Broadcasting Company 584 F.2d 1907 n.2

Younger abstention does not apply because: state remedies have been exhausted see certificate of exhaustion; the statute ORS 163.472 is flagrantly unconstitutional because content and viewpoint speech restrictions are flagrantly unconstitutional see Kime v united States 459 US 949, 954; Sorrell v IMS Health Inc 564 US 552, 571. So is acting "manifestly or palpably beyond the judges authority" Bud Antle, Inc v. Barbosa, 106 F.3d 406 (quoting Spalding v. Vilas 161 us 483, 498) when a statute is completely preempted see also Bud Antle Inc v. Barbosa 45 F.3d 1261, 1272-73; Gartrell Construction v. Aubrey 940 F.2d 437, 441; Champion International Corp v. Brown 731 F.2d 1406; Moreover prosecuting persons for exercise of protected rights is vindictive United States v. Jenkins 504 F.3d 694, 699-700 ((citing Goodwin, 457 US at 373, 384, 102 Sct 2485) and vindictive prosecutions are made in bad faith see Krahm v Grahm 461 F.2d 703 (citing Dombrowski v. Pfister 380 us 489-490)

PAGE 2

It is also true that multiple prosecutions are involved for exercise of protected rights, at least several dozen in Oregon; There is no state interests in either suppressing lawful speech, exceeding its subject matter jurisdiction Exparte Siebold 100 US 371, 376-377, or enforcing completely preempted laws Dennis v. Hart 724 F.3d 1249, 1254, Burnham v Superior Court of Cal., County of Marin 495 US. 604, 609

As explained in Polykoff v. Collins 816 F.2d 1326, 1332; Ceballos v Judges of Superior Court, Santa Clara County 883 F.2d 810, 814; Chaulk Services Inc v. Massachusetts Commission Against Discrimination 70 F.3d 1370 (collecting cases) how to determine when abstention is appropriate under Younger v. Harris

Moreover 17 USC § 511 waives all sovereign immunity, 11th Amendment immunity, and any other form of sovereign immunity and requires that a public employee can be sued the same way as any private individual. Congress passed this to clarify the intention of Congress after the US Supreme Court handed down a decision stating Congress should clearly state their intention. Congress passed 17 USC § pursuant to Article 1 Section 3, 8 and Amendment 14 §5, and to satisfy identical treaty obligations such as in NAFTA and others see Missouri v. Holland 252 US 416 (1920) (Congress can waive state sovereignty by treaty). See also WTO, Berne, North American Copyright Convention, International Copyright Union, WIPO, USMCA (Nafta replacement).

Date 11-18-2019          PAGE 3          Ben Barber