BENJAMIN BARBER,

    Plaintiff,

v.

STATE OF OREGON; ATTORNEY GENERAL OF OREGON; DOES 1-1000 (DISTRICT ATTORNEYS FOR THE STATE OF OREGON); STATE OF ALABAMA; ATTORNEY GENERAL FOR ALABAMA, DOES 1-1000 (DISTRICT ATTORNEYS FOR THE STATE OF ALABAMA); STATE OF ARKANSAS; ATTORNEY GENERAL FOR ARKANSAS, DOES 1-1000 (DISTRICT ATTORNEYS FOR THE STATE OF ARKANSAS); STATE OF CALIFORNIA; ATTORNEY GENERAL OF CALIFORNIA; DOES 1-1000 (DISTRICT ATTORNEYS FOR THE STATE OF CALIFORNIA); STATE OF COLORADO; ATTORNEY GENERAL OF COLORADO; DOES 1-1000 (DISTRICT ATTORNEYS FOR THE STATE OF COLORADO; STATE OF CONNECTICUT; ATTORNEY GENERAL OF CONNECTICUT; DOES 1-1000 (DISTRICT ATTORNEYS FOR THE STATE OF CONNECTICUT); DISTRICT OF COLUMBIA; ATTORNEY GENERAL OF THE DISTRICT OF COLUMBIA; DOES 1-1000 (DISTRICT ATTORNEYS FOR THE DISTRICT OF COLUMBIA);

Case No. 3:19-cv-01631-YY

ORDER TO DISMISS

STATE OF FLORIDA; ATTORNEY GENERAL OF
FLORIDA; DOES 1-1000 (DISTRICT ATTORNEYS
FOR THE STATE OF FLORIDA); STATE OF
ILLINOIS; ATTORNEY GENERAL OF ILLINOIS;
DOES 1-1000 (DISTRICT ATTORNEYS FOR THE
STATE OF ILLINOIS); STATE OF LOUISIANA;
ATTORNEY GENERAL OF STATE OF LOUISIANA;
DOES 1-1000 (DISTRICT ATTORNEYS FOR THE
STATE OF LOUISIANA); STATE OF MAINE;
ATTORNEY GENERAL OF MAINE; DOES 1-1000
(DISTRICT ATTORNEYS FOR THE STATE OF
MAINE); STATE OF MINNESOTA; ATTORNEY
GENERAL OF MINNESOTA; DOES 1-1000
(DISTRICT ATTORNEYS FOR THE STATE OF
MINNESOTA); STATE OF NEVADA; ATTORNEY
GENERAL OF NEVADA; DOES 1-1000 (DISTRICT
ATTORNEYS FOR THE STATE OF NEVADA);
STATE OF NEW HAMPSHIRE; ATTORNEY
GENERAL OF NEW HAMPSHIRE; DOES 1-1000
(DISTRICT ATTORNEYS FOR THE STATE OF
NEW HAMPSHIRE); STATE OF NEW MEXICO;
ATTORNEY GENERAL FOR NEW MEXICO;
DOES 1-1000 (DISTRICT ATTORNEYS FOR THE
STATE OF NEW MEXICO); STATE OF NORTH
CAROLINA; ATTORNEY GENERAL FOR NORTH
CAROLINA; DOES 1-1000 (DISTRICT ATTORNEYS
FOR THE STATE OF NORTH CAROLINA); STATE OF
NORTH DAKOTA; ATTORNEY GENERAL OF
NORTH DAKOTA; DOES 1-1000 (DISTRICT
ATTORNEYS FOR THE STATE OF NORTH DAKOTA);
STATE OF OKLAHOMA; ATTORNEY GENERAL OF
OKLAHOMA; DOES 1-1000 (DISTRICT ATTORNEYS
OF THE STATE OF OKLAHOMA); STATE OF
PENNSYLVANIA; ATTORNEY GENERAL OF
PENNSYLVANIA;  DOES 1-1000 (DISTRICT
ATTORNEYS FOR THE STATE OF PENNSYLVANIA);
STATE OF TEXAS; ATTORNEY GENERAL OF TEXAS;
DOES 1-1000 (DISTRICT ATTORNEYS FOR THE
STATE OF TEXAS; STATE OF UTAH; ATTORNEY
GENERAL OF UTAH; DOES 1-1000 (DISTRICT
ATTORNEYS FOR THE STATE OF UTAH); STATE
OF VERMONT; ATTORNEY GENERAL OF
VERMONT; DOES 1-1000 (DISTRICT ATTORNEYS

2 - ORDER TO DISMISS

FOR THE STATE OF VERMONT); STATE OF VIRGINIA;
ATTORNEY GENERAL OF VIRGINIA; DOES 1-1000
(DISTRICT ATTORNEYS FOR THE STATE OF
VIRGINIA); STATE OF WASHINGTON; ATTORNEY
GENERAL OF WASHINGTON; DOES 1-1000
(DISTRICT ATTORNEYS FOR THE STATE OF
WASHINGTON); STATE OF WEST VIRGINIA;
ATTORNEY GENERAL OF WEST VIRGINIA;
DOES 1-1000 (DISTRICT ATTORNEYS FOR THE
STATE OF VIRGINIA; STATE OF WISCONSIN;
ATTORNEY GENERAL OF WISCONSIN; DOES
1-1000 (DISTRICT ATTORNEYS FOR THE STATE
OF WISCONSIN); HON. JUDGE SIMON FOR THE
U.S. DISTRICT COURT FOR THE DISTRICT OF
OREGON; and HON. JUDGE ACOSTA FOR THE
U.S. DISTRICT COURT FOR THE DISTRICT OF
OREGON,

Defendants.

IMMERGUT, J.

Plaintiff, an inmate at the Washington County Jail, brings this civil action *pro se*. Pursuant to an Order entered this date, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses Plaintiff's Complaint.

## BACKGROUND

Plaintiff names as Defendants 25 states and the District of Columbia, as well as their respective Attorneys General and District Attorneys (whom he identifies as "Does 1-1000" for each) (referred to hereafter collectively as the "state Defendants"). Plaintiff also names as Defendants District Judge Michael H. Simon and Magistrate Judge John V. Acosta.

As to the state Defendants, Plaintiff seeks to challenge the validity of state statutes prohibiting the dissemination of "revenge porn." Plaintiff was convicted under Oregon's version

of the statute, Or. Rev. Stat. § 163.472. Plaintiff alleges the various state laws violate the First Amendment and federal copyright laws, and are preempted by other federal statutes.

As to Judges Simon and Acosta, Plaintiff challenges the following provision entered in an Order issued by Judge Simon in another case:

> Plaintiff may not file a new case in this Court seeking money damages for his allegedly invalid criminal prosecution unless he obtains habeas corpus relief or has had his conviction reversed, expunged, or declared invalid. Plaintiff may not file a new case in this Court challenging the constitutionality of Oregon Revised Statutes § 163.472 until he has exhausted his state administrative remedies. The Clerk of the Court is directed not to accept any new complaint from Plaintiff raising such claims unless the complaint contains allegations that these prerequisites have been met.

*Barber v. Vance*, Case No. 3:16-cv-02105-AC, January 18, 2019 Order, Docket No. 371, p. 7. Plaintiff alleges the order violates his First Amendment rights.

By way of remedy in his Complaint, Plaintiff seeks judgment declaring the various state laws unconstitutional and unenforceable, requiring the release of all persons convicted of violating those laws, enjoining the further enforcement of the laws, and declaring that Judges Simon and Acosta violated Plaintiff's First Amendment rights. Plaintiff also filed a Motion for Preliminary Injunction seeking an order enjoining the continuing operation of Or. Rev. Stat. § 163.472 and requiring his release from incarceration.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the

benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. State Defendants

Plaintiff previously attempted to challenge the Oregon "revenge porn" statutes in *Barber v. Vance*, Case No. 3:16-cv-02105-AC.[1] On October 10, 2018, Magistrate Judge Acosta issued a Findings and Recommendation recommending that Plaintiff's challenge be rejected, and on January 18, 2019, District Judge Simon issued his Order adopting Judge Acosta's Findings and Recommendation. *Barber v. Vance*, Case No. 3:16-cv-02105-AC, October 10, 2018, Findings and Recommendation, Docket No. 341, and Order, Docket No. 371.

Plaintiff also previously brought a case in this Court purporting to challenge the validity of the Oregon statutes and the other state laws at issue here. *See Barber v. Oregon, et al.*, Case No. 3:18-cv-00855-AC. On December 21, 2018, District Judge Marco A. Hernández issued an Order dismissing that Complaint pursuant to 28 U.S.C. § 1915(e)(2). Judge Hernández found that Plaintiff lacked standing to challenge the statutes enacted by the states other than Oregon, that Plaintiff's

---

[1] The Court takes judicial notice of Plaintiff's prior proceedings in this Court. Fed. R. Evid. 201(b)(2); *In re Korean Air Lines Co.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

5 - ORDER TO DISMISS

claim against the State of Oregon and the Oregon Attorney General were subject to sovereign immunity under the Eleventh Amendment, and that the Rooker-Feldman doctrine precluded Plaintiff from pursuing a *de facto* appeal of his state conviction through a civil rights action.[2]

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Res judicata applies to bar an action when there is: (1) "identity or privity between parties"; (2) "an identity of claims"; and (3) "a final judgment on the merits." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense [of res judicata] has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Arizona v. California*, 530 U.S. 392, 412 (2000), supplemented, 531 U.S. 1 (citations omitted). However, the parties should have an opportunity to be heard prior to a court's sua sponte dismissal based on res judicata. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1055 (9th Cir. 2005).

Privity exists when "a person [is] so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir.

---

[2]Judge Hernández also found that Plaintiff's claim for money damages was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff does not, however, seek money damages in this action.

6 - ORDER TO DISMISS

1997)). Here, Plaintiff names the same state Defendants as in his prior action. Hence, the "identity of parties" element of res judicata is met.

In considering whether a present dispute concerns the same claims as a prior case, the Ninth Circuit considers:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters*, 399 F.3d at 1052 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)). Here, the allegations of the instant Complaint are virtually identical to those contained in Plaintiff's prior action. Hence, because both actions arise from the same set of factual circumstances and involve the "same transactional nucleus," the "identity of claims" element of res judicata is met.

Finally, "a dismissal for failure to state a claim is an adjudication on the merits" for the purposes of res judicata. *Bailey v. Zimmer*, 993 F.2d 881, 881 (9th Cir. 1993). Here, Judge Hernández dismissed Plaintiff's claims with prejudice and without leave to amend for failure to state a claim. Accordingly, the doctrine of res judicata precludes Plaintiff from re-litigating his challenges to the state laws.

## II. Defendants Judge Simon and Judge Acosta

Plaintiff's claims against Judges Simon and Acosta are barred by absolute immunity. "[A]bsolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988)). Moreover, judicial

7 - ORDER TO DISMISS

immunity also bars declaratory and injunctive relief against federal judges. *See Atkinson-Baker & Assocs. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir.1993). Accordingly, Plaintiff's claims against Judge Simon and Judge Acosta are dismissed.

## CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint. The dismissal of Plaintiff's claims against Judge Simon and Judge Acosta is with prejudice. As to the remainder of Plaintiff's claims, because the Court must provide Plaintiff the opportunity to be heard on the res judicata matter, Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint will result in the dismissal of this proceeding. In lieu of an Amended Complaint, Plaintiff may move to voluntarily dismiss this action, without prejudice.[3]

The Court DENIES Plaintiff's Motion for Preliminary Injunction (ECF No. 6) as Plaintiff has not established a likelihood of success on the merits. *See Nat'l Inst. of Family and Life Advocates v. Harris*, 839 F.3d 823, 834 (9th Cir. 2016) (setting forth standards for preliminary

---

[3]Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

8 - ORDER TO DISMISS

injunctions). The Court also DENIES Plaintiff's Motion to Compel Service by US Marshals (ECF No. 5).

IT IS SO ORDERED.

DATED this 5th day of October, 2019.

                                                             Karin J. Immergut
                                                             United States District Judge