In the U.S. District Court for the District of Oregon

Benjamin Barber,                              Case No.        3:19-cv-01631-YY
Benjamin Barber ex rel Jaycob Patrck Holten,
Benjamin Barber ex rel Does 1-50,000 (viewers of Albino Porn),
Benjamin Barber ex rel Does 1-50,000 (users of Ponhub.com),
Benjamin Barber ex rel Does 1-50,000 (users of Redtube.com),
Benjamin Barber ex rel Does 1-50,000 (users of Thumbzilla.com),
Benjamin Barber ex rel Does 1-50,000 (users of xhamster.com),
Benjamin Barber ex rel Does 1-50,000 (users of Porn.com),
Benjamin Barber ex rel Does 1-50,000 (users of Porntube.com),
Benjamin Barber ex rel Does 1-50,000 (users of TNAflix.com),
Benjamin Barber ex rel Does 1-50,000 (users of EMPflix.com,
Benjamin Barber ex rel Does 1-50,000 (users of kongregate),
Benjamin Barber ex rel Does 1-50,000 ("albino" product consumers),
Benjamin Barber ex rel Does 1-50,000 (users of 4chan.org),
Benjamin Barber ex rel Does 1-50,000 (users of 8ch.net),
Benjamin Barber ex rel Does 1-50,000 (users of Twitter.com),
Benjamin Barber ex tel Does 1-50,000 (users of Reddit.com),
Benjamin Barber ex rel Does 1-50,000 (users of Github.com)
(Plaintiffs)

Vs

State of Oregon, Attorney General of Oregon,
Does 1-1000 (District Attorneys for the State of Oregon),
State of Alabama, Attorney General of Alabama,
Does 1-1000 (District Attorneys for the State of Alabama),
State of Arkansas, Attorney General of Arkansas,
Does 1-1000 (District Attorneys for the State of Arkansas),
State of Arizona, Attorney General of Arizona,
Does 1-1000 (District Attorneys for the State of Arizona),
State of California, Attorney General of California,
Does 1-1000 (District Attorneys for the State of California),
State of Colorado, Attorney General of Colorado,
Does 1-1000 (District Attorneys for the State of Colorado),
District of Columbia, Attorney General of the District of Columbia,
Does 1-1000 (District Attorneys for the District of Columbia),
State of Florida, Attorney General of Florida,

Does 1-1000 (District Attorneys for the State of Florida),
State of Illinois, Attorney General of Illinois,
Does 1-1000 (District Attorneys for the State of Illinois),
State of Louisiana, Attorney General of Louisiana,
Does 1-1000 (District Attorneys for the State of Louisiana),
State of Kentucky, Attorney General of Kentucky,
Does 1-1000 (District Attorneys for the State of Kentucky),
State of Maine, Attorney General of Maine,
Does 1-1000 (District Attorneys for the State of Maine),
State of Minnesota, Attorney General of Minnesota,
Does 1-1000 (District Attorneys for the State of Minnesota),
State of Missouri, Attorney General of Missouri,
Does 1-1000 (District Attorneys for the State of Missouri),
State of Nevada, Attorney General of Nevada,
Does 1-1000 (District Attorneys for the State of Nevada),
State of New Hampshire, Attorney General of New Hampshire,
Does 1-1000 (District Attorneys for the State of New Hampshire),
State of New Mexico, Attorney General of New Mexico,
Does 1-1000 (District Attorneys for the State of New Mexico),
State of New York, Attorney General of New York,
Does 1-1000 (District Attorneys for the State of New York),
State of North Carolina, Attorney General of North Carolina,
Does 1-1000 (District Attorneys for the State of North Carolina),
State of North Dakota, Attorney General of North Dakota,
Does 1-1000 (District Attorneys for the State of North Dakota),
State of Ohio, Attorney General of Ohio,
Does 1-1000 (District Attorneys for the State of Ohio),
State of Oklahoma, Attorney General of Oklahoma,
Does 1-1000 (District Attorneys for the State of Oklahoma),
State of Pennsylvania, Attorney General of Pennsylvania,
Does 1-1000 (District Attorneys for the State of Pennsylvania),
State of Rhode Island, Attorney General of Rhode Island,
Does 1-1000 (District Attorneys for the State of Rhode Island),
State of Texas, Attorney General of Texas,
Does 1-1000 (District Attorneys for the State of Texas),
State of Utah, Attorney General of Utah,
Does 1-1000 (District Attorneys for the State of Utah),
State of Vermont, Attorney General of Vermont,
Does 1-1000 (District Attorneys for the State of Vermont),

State of Virginia, Attorney General of Virginia,
Does 1-1000 (District Attorneys for the State of Virginia),
State of Washington, Attorney General of Washington,
Does 1-1000 (District Attorneys for the State of Washington),
State of West Virginia, Attorney General of West Virginia,
Does 1-1000 (District Attorneys for the State of West Virginia),
State of Wisconsin, Attorney General of Wisconsin,
Does 1-1000 (District Attorneys for the State of Wisconsin)
(Defendants)

## Amended Verified Complaint
### 42 U.S.C. § 1983, 17 U.S.C. § 502, 28 U.S.C. § 2254. 28 U.S.C. § 1651

(1)

Comes now the plaintiff pro-se, to compel the Court to enjan the operation of state statutes that violole the First Amendment and are prior restraints or heckler's veto or content based, and are completely preempted by the copyright act, are artfully plead copyright claims, and infringe on the exclusive jurisdiction of U.S. District Courts.

(2)

This Court has jurisdiction: pursuant to 28 U.S.C. § 1331 for federal question jurisdiction pursuant to 28 U.S.C. § 1338 for copyright jurisdiction. If the court appoints a class action Counsel to handle false arrest and false imprisonment, and statutory damages to those incarcerated the Court will have diversity and supplemental jurisdiction of those claims.

(3)

Plaintiff seeks certification of a class, of all persons whose constitutional rights are violated pursuant to FRCP 23a because judicial economy will he served by deciding questions of law common to all persons, and the inherent difficulty that multiple suits by individuals, who may not be able to the wise seek relief in court.

(4)

Plaintiff has next friend standing to represent his friend Jaycob Patrick Holten complaint for him in federal court. Jaycob Patick Holten gave him permission because he does not have the education to pursue his own claim.

(5)

Plaintiff has First Amendment standing and third party Standing to represent the other parties because he has suffered injury in fact giving him a concrete  interest in the outcome of the issue, there are many people whose speech will he chilled if the laws are not enjoined, and many people lack the ability to litigate their own claims, and the statues are overbroad and punish more speech than is allowed under the First Amendment.

"As a Corollary, the Court has altered its traditional rules of standing to permit in the First Amendment area -- attacks on overly broad statutes with no requirement that the person making

the attack demonstrate that his own Conduct Could not be regulated by a statule drawn with the requisite specificity Dombrowski v. Pfister 380 U.S., at 486. Litigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from Constitutionally protected speech or expression"

Broadrick v. Oklahoma 413 us. 601, 612

"where a claim is that the statute is overly broad in violation of the First Amendment the Court has allowed a party to assert the rights of others without regard to the ability of the other to assert his own claim"

Secretary of State of Maryland v Joseph H Munson Co Inc. 467 U.S. 947

"we have recognized the right of litigants to bring actions on behalf of third parties provided three important criteria are Satisfied: the litigant must have suffered an "injury in fact", thus giving him or hera "sufficiently concrete interest" in the outcome of the issue in dispute, Singleton Supra at 423 U.S. 112; the litigant must have a close relation to the third party, Id. at 428 U.S. 113 - 114; and there must exist some hindrance to the third party's ability to protect his or her own interests. Id ał 428 U.S. 115-116. see also Craig v.Boren, 429 U.S. 190 (1976). These criteria have been satisfied in cases where we have permitted criminal defendants to challenge their convictions by raising the rights of third parties. See Eisenstadt v. Baird, 405 U.S. 438 (1972); Griswald v. Conneticut, 381 U.S. 479 (1965); see also Mcgowan v. Maryland, 366 U.S. 420 (1961). By similar reasoning,we have permitted litigants to raise third-party rights in order to prevent possible. future prosecution See e.g. Due v. Bolton 410 U.S. 179

Powers v Ohio 499 U.S. 400, 411

Thus First Amendment standing requires none of the traditional third party claim factors however the plaintiff will raise both issues to be certain that he meets the injury in fact requirements of Article III, rather than asking for an advisory opinion from the Court.

(6)

Benjamin Barber is a probationer who is not in the county jail, for a conviction of ORS 163.472 "unlawful dissemination of an intimate image." Barber was previously a software engineer, computer systems administrator, and a cloud systems administrator for Intel Inc. He was an admin for a 4chan related "politically incorrect" and "video game" voice chat service "mumble"

(7)

Same examples of "revenge porn" involving Barber

(a)

200l Barber uses click bait to entice users to click on the image known as "goatse" on the website Slashdot.org, by writing informative articles, and embedding links into innocuous looking text much as "phishing" scams do

(b)

2011 Barber photoshops video of a salmon Cannon on the Columbia river to make it appear that men in tyvek suits are placing salman into a pregnant woman's vagina on a guney and her contractions are launching the salmon into the sky over the dam.

(c)

2011-2612 Barber and his wife are volunteer organizers for the world naked bike ride. Barber collects an archive of the photos that he shares with other participants

(d)

2011 Barber and his wife make pornographic images and videos, both of them share them, when looking to find threesomes and foursomes to engage with together

(e)

2013 Barber discovers that their neighbor, a woman E. T. has a ModelMeyhem.com profile with naked pictures, that he shares with his horny bisexual ex wife, who wants to sleep with her, E.T. is upset that the ex wife told her that he shared nude photos of her on that website with roomates

(f)

2014 barber pretends to be a feminist, and "concern trolls" radical feminis forums with 4chan users, with public "cannibal fetish" porn, depicting women tied to a spit over hot coals, in ovens, and sculptures made out of meat glue and paint, to convince them women are treated as food.

(g)

2014 barber uses bots with other 4chan trolls to spam a "spinner" (yarn fabric) convention with pictures of "spinners" (petite women pornography) on Twitter.com

(h)

2015 J.K. of 4chan discovered Allison Rapp of Nintendo Inc. public relations, had in college been a pedophilia apoligist. Subsequent investigations with Barber, "S4T" reealed that she was offering herself and her husband and prostitutes online. Barber archived all of the information he could by using Archive.is and scripts including porn so they would remain on Archive.is if deleted. "S4T" contacted Milo Yiannopolous of Breitbart News, barber contacted Seattle sex crimes department, and J.K. contacted nintendo, and as a result Nintendo fired Allison Rapp for engaging in prostitution with co-workers.

(i)

In 2015 some hacker group breached Ashley Madison.com's database and placed it online using bittorrent. Barber and 4chan members downloaded it for the purpose to locate government officials. Barber located Herman Cain (presidential candidate and momentary candidate for the Federal Reserve board). Barber also parsed emails containing "KI2.**.us" i.e. under aged users and sent the list to the FBI for child sex abuse 4chan uses found and shamed people online for bieng pedophiles on Ashley Madison and displayed the intimate images found on the website database.

(j)

Over several years Barber had debated with persons who like abortion, Islam or transgenderism, and he has sent them pictures of the mutilated genitals or corpses cause by those belief systems

as a debate tactic to shock them.

(k)

In 2015 according to the record in the circuit court of Oregons by Barber's ex wife: she had spoken to her divorce attorney paid by Portland State University that she should charge Barber with ORS 163.472 despite the fact that Barber committed no crime, as the videos had been placed on his server in 2011 with a password protected account and he wasn't advertising it.

(l)

In 2015 the pornography was posted to a hate thread regarding Barber on 8chan, Http://marker.to/ck4P0q and a person identifing herslef as the ex wife comments about her animosity Http://marker.to/StsfVwS

(m)

The attorney tells Barber that if he speaks to the portland police about ex wife's violated restraining order, or to PSU about her plagiarised homework, or talks on the internet about her, that he will he arrested for harassment.

(n)

Both disclosures are authorized by a contract stating: "Each party agrees to have transparency and provide access to their social  interactions including the ability |to speak to members of one's Social groups" and they called it a "complete transparency" agreement in 2013

(o)

Ex wife testified that because Babe was going to Make a website of her transgressions, that she had given the pornography on the FTP Servers her "friends" and the "friends" had contacted Barber to blackmail him with the pornography, so he  wouldn't continue with the website, but she wasn't okay with the blackmail. Her attorney said if "they" did she could file a DMCA takedown and claim her copyrights were violated

(p)

In 2016 Barber runs out of money to host his server with the company Hetzner AG in Germany, due in part to the claims by ex wife that the videos of her tied up depict rape, and claims that he had commited fraud against her, that were sent to his collegues, ommitting that his ex wife had hoth explicitly asked for BDSM, and had agreed to share all income and expenses, and lied by omission.

(q)

The friends were people who sought out the ex wife due to Barbers semi public figure in matters of politics and matters of public concern, with the purpose of defaming him for his beliefs with the ex wife's allegations against him

(r)

In 2016 Barber uploads all of the works that he authored to public cloud services such as gitlab.com, facebook com, Google.com, Youtube.com, and Pornhub.com ,etc, so  that they won't become deleted when his server is deleted.

(s)

Ex wife sends Barner a DMCA takedown notice, he sends a counter notice, accepting U.S. District court jurisdiction. claiming that it is in error because he is the author of the works, subsequently the ex wife gets a new attorney and fabricates an oral agreement thal we agreed tke videos would be just between us, despite her apparent sharing of the same videos with others.

(t)

Ex wife testifies thay in fact we made the video originally because we wanted to make "a lot of money" from Albino porn but we had changed our mind, and that she knew we had consensually shared porn to seek threesomes and foursomes, and was carbon copied that these videos had been shared less than 32 hours after they were made.

(u)

Baber filed his copyright of "Albino Porn with the U.S. Copyright office see registration #VAUOO12824135 an 2016-12-13 and sued in the U.S. District Court Barber vs Vance, et al Case No. l6-cv02105-AC (D. OR)

(v)

In 2017 Barber filed a provisional patent for "biometric generation of intimate images for defensive purposes which is a derivative of Simultaneous localization and Mapping parametrically designed 3d character modeling with the parameters set by Deep Neural Networks selected by means of genetic algorithms. He licensed his Albino Porn" under the Creative Commons Share A Like 2.0 license ,so anyone could share those copyrighted works.

(w)

Barber imported the 3D Albino porn character model into the open source video game Quake 3 Arena and renamed the title Screen "Revenge Porn Simulator 2017" to be facetious and a pun on words and Compiled it into an html 5 / Javascript website Capable of being played in a "webgl" enabled browsers Specifically because ORS I63.472 applies to an "image" including science fictional naked space battles, but hosting it himself provides immunity under 47 U.S.C. § 230.

(x)

In 2017 Barber prepared several physical "revenge porn" images for the free speech protest in portland, Such as "albino porn is white privilege" and "stop albino supremacy", which he paid people to carry So "Antifa" would Commit ORS 163.472 by live streaming the protest on the internet. He also prepared ap picture from the FEMEN website, featuring a woman topless with a sickle and a pair of shorn testicles, as well as a picture of Bill and Hillary Clinton naked that he found online that he shared on the Facebook group page.

(y)

Barber intends to: Conspire to pay individuals to violate these state statutes to anonymously spread "Albino Porn" in their state jusidictions; including but not limited to derivative works Such as the "revenge porn sImulator", "albino porn is white privilege" and "stop albino supremacy", by using technology Such as TOR.

(z)

Barber intends on offering "albino porn" merchandise such as hats, bumper stickers, t-shirts, and

Coffee Mugs, to fund a "revenge parn tour" to committ the offenses in the territorial jurisdiction of the defendants mentioned previously in Subsections (a-z).

(8)

Barber has availed himself of every less escalated. form of dispute resolution such as: an offer of civil compromise with ex wife or payment of money and removal of images, and writs of Habeas Corpus in every state forum, and removal of criminal proceedings to federal court and writs of Habeas Corpus 28 U.S.C. § 2254

(9)

The acts intended in sechon 7(y) and 7(z) are "revengeful" to the extent that since the ex wife sought fir to try to Blackmal barber with the images and had told people the BDSM depicted was rape, despite having admited that no such thing had occured by authentication  of the admission at trial, and having admitted to a conspiracy to arrest Barber by her own acts of disseminaton, that she deserves the just deserts of her wrongful acts.

(10)

Jaycob Patrick Holten told Barber he is a gang member, drug dealer, and hip hop artist with a legitimate job in food service. According to the record in the Circuit Court of Oregon in the County of Washington: the district attorney stated he and his ex girlfriend agreed to place their pornography on pornhub and when she changed her mind and sent him a DMCA takedowa notice, he re uploaded the pornography statng he intendad to make her famous

(11)

Holten  told Barber that Barber can disseminate the videos of his ex girlfend and him having sex, on the pornographic web sites, on the condition that he does not get into trouble and recieves all of the income Barher intends on placcing the videos on the websites so that Holten makes money, and his ex girlfriend becomes famous, like Paris Hilton did when her sex tape was released, and she subsquently became famous and starred in several reality TV shows.

(12)

Despite several DMCA takedowns and reuploads by the 4chan community the Albino Porn has been viewed at least 50,000 times, averaging  500 views / month / video / site, but would have been 500,000 if not for the tortious takedowns. The prosecutor stated that there is a great public interest in the videos, due to the ex wife being albino, and that the genre of porn being incredibly rare, the legal controversy of the videos, and because Barber is a limited public figure.

(13)

When the videos were made Barber was a candidate for Oregon House District 36, and was a software engineer for the first internet voting political party American's Elect. Barber authored a "transparency pledge" like Karl Rove's "taxpayer pledge" and  adopted radical transparency of allowing full access to his email, text messages, bank statements, and call history.

(14)

The "albino porn" was found on many websites such as Pornhum, Redtube ,Thunbzilla xhamster Porn.com, Porntube, TNAflix, Empflix, Barber also depostited a book af 20 Albino Por Pictures

in the University of Washington  Brautigan Library in the Department of New Media

(15)

Since the "Revenge Porn Simulator" is HTML5/Javascript, it was hosted by a 4chan.org user and placed in an Iframe in the website Kongragate, which is a website that aggregates video games hosted by the internet and has community social media support like chat rooms and points.

(16)

4chan.org is an imageboard ran by a japanese person Hiroyuki Nishimura in Tokyo, and is anonymous as well as the genesis of the hacker group Anonymous, which is a group of hackers with no leaders. Boards are categorized by subject  /a/ = anime /v/ = video games /pol/ = politically correct, and each board has temporary topics that are deleted once too many new topics are posted and no replied are posted to the topic

(17)

8ch.net (8chan) is an imageboard ran by Jim Watkins an american living in Manilla, Phillipines, and unlike 4chan, anyone can create a board on any subject, and it is largely uncensored, and is typically used as a bunker for 4chan users banned from 4chan janitors or when 4chan is flooded by spam topics that delete other topics.

(18)

Twitter is a microblogging service run by Jack Dorsey an American in San Francisco, Twitter does ban user but typically only for becoming infamous, or for harassing or inciting harassment of other twitter users, or being an account run by a bot only if it is supporting Donald Trump.

(19)

Reddit is a topic forum ran by Steve Huffman that does not store its own media files, but links to sites that do such as it's wholly owned subsidiary Imgur. Reddit allows anyone to create a "subreddit" about any topic and moderated by the "mods" of the "subreddit". Users submit links or text posts, comment on those topics and upvote or downvote topics or comments on the site.

(20)

Github is a website now wholly owned by Microsoft, where users share software projects such as the "revenge porn simulator" or other "deepfake" software. At one time projects such as "C plus equality" a fully functioning but albeit useless feminist programming language was removed due to controversy, however deepfake software has not been removed despite equal controversy.

(21)

Claim 1 Oregon Revised Statute 163.472 is unconstitutional

Claim 1.1 it violates the First Amendment to the U.S. constitution

Claim 1.2 it is a content based restriction of speech and overbroad

Claim 1.3 it is a prior restraint or heckler's veto of speech

Claim 1.4 it is an artfully plead copyright claim

Claim 1.5 it is completely preempted by the copyright act

Claim 1.6 is it expressly preempted by the copyright act

Claim 1.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 1.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 1.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 1.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 1.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 1.12 it violates Amendment 14 section 1 of the U.S. constitution

(22)

Claim 2 Code of Alabama 1975 Secs 15-20A-4 to 15-20A-43 is unconstitutional

Claim 2.1 it violates the First Amendment to the U.S. constitution

Claim 2.2 it is a content based restriction of speech and overbroad

Claim 2.3 it is a prior restraint or heckler's veto of speech

Claim 2.4 it is an artfully plead copyright claim

Claim 2.5 it is completely preempted by the copyright act

Claim 2.6 is it expressly preempted by the copyright act

Claim 2.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 2.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 2.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 2.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 2.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 2.12 it violates Amendment 14 section 1 of the U.S. constitution

(23)

Claim 3 Arizona Revised Statutes 13-1425 is unconstitutional

Claim 3.1 it violates the First Amendment to the U.S. constitution

Claim 3.2 it is a content based restriction of speech and overbroad

Claim 3.3 it is a prior restraint or heckler's veto of speech

Claim 3.4 it is an artfully plead copyright claim

Claim 3.5 it is completely preempted by the copyright act

Claim 3.6 is it expressly preempted by the copyright act

Claim 3.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 3.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 3.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 3.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 3.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 3.12 it violates Amendment 14 section 1 of the U.S. constitution

(24)

Claim 4 Arkansas Code 5-26-314 is unconstitutional

Claim 4.1 it violates the First Amendment to the U.S. constitution

Claim 4.2 it is a content based restriction of speech and overbroad

Claim 4.3 it is a prior restraint or heckler's veto of speech

Claim 4.4 it is an artfully plead copyright claim

Claim 4.5 it is completely preempted by the copyright act
Claim 4.6 is it expressly preempted by the copyright act
Claim 4.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 4.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 4.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 4.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 4.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 4.12 it violates Amendment 14 section 1 of the U.S. constitution
(25)
Claim 5 California Penal Code 647(j)(4) is unconstitutional
Claim 5.1 it violates the First Amendment to the U.S. constitution
Claim 5.2 it is a content based restriction of speech and overbroad
Claim 5.3 it is a prior restraint or heckler's veto of speech
Claim 5.4 it is an artfully plead copyright claim
Claim 5.5 it is completely preempted by the copyright act
Claim 5.6 is it expressly preempted by the copyright act
Claim 5.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 5.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 5.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 5.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 5.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 5.12 it violates Amendment 14 section 1 of the U.S. constitution
(26)
Claim 6 Colorado Revised Statutes 18-7-107 and 18-7-108 is unconstitutional
Claim 6.1 it violates the First Amendment to the U.S. constitution
Claim 6.2 it is a content based restriction of speech and overbroad
Claim 6.3 it is a prior restraint or heckler's veto of speech
Claim 6.4 it is an artfully plead copyright claim
Claim 6.5 it is completely preempted by the copyright act
Claim 6.6 is it expressly preempted by the copyright act
Claim 6.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 6.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 6.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 6.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 6.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 6.12 it violates Amendment 14 section 1 of the U.S. constitution
(27)
Claim 7 Connecticut  General Statute § 53a-189c is unconstitutional
Claim 7.1 it violates the First Amendment to the U.S. constitution

Claim 7.2 it is a content based restriction of speech and overbroad

Claim 7.3 it is a prior restraint or heckler's veto of speech

Claim 7.4 it is an artfully plead copyright claim

Claim 7.5 it is completely preempted by the copyright act

Claim 7.6 is it expressly preempted by the copyright act

Claim 7.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 7.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 7.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 7.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 7.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 7.12 it violates Amendment 14 section 1 of the U.S. constitution

(28)

Claim 8 District of Columbia Law 20-275 is unconstitutional

Claim 8.1 it violates the First Amendment to the U.S. constitution

Claim 8.2 it is a content based restriction of speech and overbroad

Claim 8.3 it is a prior restraint or heckler's veto of speech

Claim 8.4 it is an artfully plead copyright claim

Claim 8.5 it is completely preempted by the copyright act

Claim 8.6 is it expressly preempted by the copyright act

Claim 8.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 8.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 8.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 8.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 8.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 8.12 it violates Amendment 14 section 1 of the U.S. constitution

(29)

Claim 9 Florida Statute 784.049 is unconstitutional

Claim 9.1 it violates the First Amendment to the U.S. constitution

Claim 9.2 it is a content based restriction of speech and overbroad

Claim 9.3 it is a prior restraint or heckler's veto of speech

Claim 9.4 it is an artfully plead copyright claim

Claim 9.5 it is completely preempted by the copyright act

Claim 9.6 is it expressly preempted by the copyright act

Claim 9.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 9.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 9.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 9.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 9.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 9.12 it violates Amendment 14 section 1 of the U.S. constitution

(30)

Claim 10 § 11-23.5, Illinois Criminal Code is unconstitutional

Claim 10.1 it violates the First Amendment to the U.S. constitution

Claim 10.2 it is a content based restriction of speech and overbroad

Claim 10.3 it is a prior restraint or heckler's veto of speech

Claim 10.4 it is an artfully plead copyright claim

Claim 10.5 it is completely preempted by the copyright act

Claim 10.6 is it expressly preempted by the copyright act

Claim 10.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 10.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 10.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 10.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 10.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 10.12 it violates Amendment 14 section 1 of the U.S. constitution

(31)

Claim 11 Kentucky Revised Statute 531.120 is unconstitutional

Claim 11.1 it violates the First Amendment to the U.S. constitution

Claim 11.2 it is a content based restriction of speech and overbroad

Claim 11.3 it is a prior restraint or heckler's veto of speech

Claim 11.4 it is an artfully plead copyright claim

Claim 11.5 it is completely preempted by the copyright act

Claim 11.6 is it expressly preempted by the copyright act

Claim 11.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 11.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 11.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 11.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 11.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 11.12 it violates Amendment 14 section 1 of the U.S. constitution

(32)

Claim 12 Louisiana Revised Statute 14:283.2 is unconstitutional

Claim 12.1 it violates the First Amendment to the U.S. constitution

Claim 12.2 it is a content based restriction of speech and overbroad

Claim 12.3 it is a prior restraint or heckler's veto of speech

Claim 12.4 it is an artfully plead copyright claim

Claim 12.5 it is completely preempted by the copyright act

Claim 12.6 is it expressly preempted by the copyright act

Claim 12.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 12.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 12.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 12.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 12.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 12.12 it violates Amendment 14 section 1 of the U.S. constitution

(33)

Claim 13 Sec. 1. 17-A Maine Revised Statute Annotated 511-A is unconstitutional
Claim 13.1 it violates the First Amendment to the U.S. constitution
Claim 13.2 it is a content based restriction of speech and overbroad
Claim 13.3 it is a prior restraint or heckler's veto of speech
Claim 13.4 it is an artfully plead copyright claim
Claim 13.5 it is completely preempted by the copyright act
Claim 13.6 is it expressly preempted by the copyright act
Claim 13.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 13.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 13.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 13.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 13.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 13.12 it violates Amendment 14 section 1 of the U.S. constitution

(34)

Claim 14 Minnesota Statute § 617.261 is unconstitutional
Claim 14.1 it violates the First Amendment to the U.S. constitution
Claim 14.2 it is a content based restriction of speech and overbroad
Claim 14.3 it is a prior restraint or heckler's veto of speech
Claim 14.4 it is an artfully plead copyright claim
Claim 14.5 it is completely preempted by the copyright act
Claim 14.6 is it expressly preempted by the copyright act
Claim 14.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 14.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 14.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 14.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 14.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 14.12 it violates Amendment 14 section 1 of the U.S. constitution

(35)

Claim 15 Missouri Revised Statute § 573.110 & 573.112 is unconstitutional
Claim 15.1 it violates the First Amendment to the U.S. constitution
Claim 15.2 it is a content based restriction of speech and overbroad
Claim 15.3 it is a prior restraint or heckler's veto of speech
Claim 15.4 it is an artfully plead copyright claim
Claim 15.5 it is completely preempted by the copyright act
Claim 15.6 is it expressly preempted by the copyright act

Claim 15.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 15.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 15.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 15.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 15.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 15.12 it violates Amendment 14 section 1 of the U.S. constitution
(36)
Claim 16 Nevada Revised Statute, Chapter 200, §2-6 is unconstitutional
Claim 16.1 it violates the First Amendment to the U.S. constitution
Claim 16.2 it is a content based restriction of speech and overbroad
Claim 16.3 it is a prior restraint or heckler's veto of speech
Claim 16.4 it is an artfully plead copyright claim
Claim 16.5 it is completely preempted by the copyright act
Claim 16.6 is it expressly preempted by the copyright act
Claim 16.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 16.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 16.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 16.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 16.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 16.12 it violates Amendment 14 section 1 of the U.S. constitution
(37)
Claim 17 New Hampshire Revised Statute § 644:9-a is unconstitutional
Claim 17.1 it violates the First Amendment to the U.S. constitution
Claim 17.2 it is a content based restriction of speech and overbroad
Claim 17.3 it is a prior restraint or heckler's veto of speech
Claim 17.4 it is an artfully plead copyright claim
Claim 17.5 it is completely preempted by the copyright act
Claim 17.6 is it expressly preempted by the copyright act
Claim 17.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 17.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 17.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 17.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 17.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 17.12 it violates Amendment 14 section 1 of the U.S. constitution
(38)
Claim 18 New Mexico statute Section 30-37A-1 is unconstitutional
Claim 18.1 it violates the First Amendment to the U.S. constitution
Claim 18.2 it is a content based restriction of speech and overbroad
Claim 18.3 it is a prior restraint or heckler's veto of speech

Claim 18.4 it is an artfully plead copyright claim
Claim 18.5 it is completely preempted by the copyright act
Claim 18.6 is it expressly preempted by the copyright act
Claim 18.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 18.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 18.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 18.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 18.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 18.12 it violates Amendment 14 section 1 of the U.S. constitution
(39)
Claim 19 New York Penal Law 245.15 is unconstitutional
Claim 19.1 it violates the First Amendment to the U.S. constitution
Claim 19.2 it is a content based restriction of speech and overbroad
Claim 19.3 it is a prior restraint or heckler's veto of speech
Claim 19.4 it is an artfully plead copyright claim
Claim 19.5 it is completely preempted by the copyright act
Claim 19.6 is it expressly preempted by the copyright act
Claim 19.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 19.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 19.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 19.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 19.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 19.12 it violates Amendment 14 section 1 of the U.S. constitution
(40)
Claim 20 North Carolina General Statutes Section 14-190.5A is unconstitutional
Claim 20.1 it violates the First Amendment to the U.S. constitution
Claim 20.2 it is a content based restriction of speech and overbroad
Claim 20.3 it is a prior restraint or heckler's veto of speech
Claim 20.4 it is an artfully plead copyright claim
Claim 20.5 it is completely preempted by the copyright act
Claim 20.6 is it expressly preempted by the copyright act
Claim 20.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 20.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 20.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 20.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 20.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 20.12 it violates Amendment 14 section 1 of the U.S. constitution
(41)
Claim 21 Section 12.1-17-07.2 of the North Dakota Century Code is unconstitutional

Claim 21.1 it violates the First Amendment to the U.S. constitution
Claim 21.2 it is a content based restriction of speech and overbroad
Claim 21.3 it is a prior restraint or heckler's veto of speech
Claim 21.4 it is an artfully plead copyright claim
Claim 21.5 it is completely preempted by the copyright act
Claim 21.6 is it expressly preempted by the copyright act
Claim 21.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 21.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 21.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 21.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 21.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 21.12 it violates Amendment 14 section 1 of the U.S. constitution
(42)
Claim 22 Ohio Revised Code 2917.211 is unconstitutional
Claim 22.1 it violates the First Amendment to the U.S. constitution
Claim 22.2 it is a content based restriction of speech and overbroad
Claim 22.3 it is a prior restraint or heckler's veto of speech
Claim 22.4 it is an artfully plead copyright claim
Claim 22.5 it is completely preempted by the copyright act
Claim 22.6 is it expressly preempted by the copyright act
Claim 22.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 22.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 22.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 22.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 22.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 22.12 it violates Amendment 14 section 1 of the U.S. constitution
(43)
Claim 23 21 Oklahoma Statute § 21-1040.13b is unconstitutional
Claim 23.1 it violates the First Amendment to the U.S. constitution
Claim 23.2 it is a content based restriction of speech and overbroad
Claim 23.3 it is a prior restraint or heckler's veto of speech
Claim 23.4 it is an artfully plead copyright claim
Claim 23.5 it is completely preempted by the copyright act
Claim 23.6 is it expressly preempted by the copyright act
Claim 23.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 23.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 23.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 23.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 23.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 23.12 it violates Amendment 14 section 1 of the U.S. constitution

(44)

Claim 24 Title 18 Pennsylvania Consolidated Statutes § 3131 is unconstitutional

Claim 24.1 it violates the First Amendment to the U.S. constitution

Claim 24.2 it is a content based restriction of speech and overbroad

Claim 24.3 it is a prior restraint or heckler's veto of speech

Claim 24.4 it is an artfully plead copyright claim

Claim 24.5 it is completely preempted by the copyright act

Claim 24.6 is it expressly preempted by the copyright act

Claim 24.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 24.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 24.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 24.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 24.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 24.12 it violates Amendment 14 section 1 of the U.S. constitution

(45)

Claim 25 Rhode Island General Law § 11-64-3 is unconstitutional

Claim 25.1 it violates the First Amendment to the U.S. constitution

Claim 25.2 it is a content based restriction of speech and overbroad

Claim 25.3 it is a prior restraint or heckler's veto of speech

Claim 25.4 it is an artfully plead copyright claim

Claim 25.5 it is completely preempted by the copyright act

Claim 25.6 is it expressly preempted by the copyright act

Claim 25.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 25.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 25.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 25.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 25.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 25.12 it violates Amendment 14 section 1 of the U.S. constitution

(46)

Claim 26 Texas Penal Code 21.16 is unconstitutional

Claim 26.1 it violates the First Amendment to the U.S. constitution

Claim 26.2 it is a content based restriction of speech and overbroad

Claim 26.3 it is a prior restraint or heckler's veto of speech

Claim 26.4 it is an artfully plead copyright claim

Claim 26.5 it is completely preempted by the copyright act

Claim 26.6 is it expressly preempted by the copyright act

Claim 26.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 26.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 26.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 26.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 26.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 26.12 it violates Amendment 14 section 1 of the U.S. constitution
(47)
Claim 27 § 76-5b-203, Utah Code is unconstitutional
Claim 27.1 it violates the First Amendment to the U.S. constitution
Claim 27.2 it is a content based restriction of speech and overbroad
Claim 27.3 it is a prior restraint or heckler's veto of speech
Claim 27.4 it is an artfully plead copyright claim
Claim 27.5 it is completely preempted by the copyright act
Claim 27.6 is it expressly preempted by the copyright act
Claim 27.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 27.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 27.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 27.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 27.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 27.12 it violates Amendment 14 section 1 of the U.S. constitution
(48)
Claim 28 sec. 2. 13 Vermont Statutory Authority § 2606 is unconstitutional
Claim 28.1 it violates the First Amendment to the U.S. constitution
Claim 28.2 it is a content based restriction of speech and overbroad
Claim 28.3 it is a prior restraint or heckler's veto of speech
Claim 28.4 it is an artfully plead copyright claim
Claim 28.5 it is completely preempted by the copyright act
Claim 28.6 is it expressly preempted by the copyright act
Claim 28.7 it is expressly preempted by the CDA 47 U.S.C. § 230
Claim 28.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution
Claim 28.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution
Claim 28.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution
Claim 28.11 it violates Amendment 5 cl4 of the U.S. constitution
Claim 28.12 it violates Amendment 14 section 1 of the U.S. constitution
(49)
Claim 29 § 18.2-386.2, Code of Virginia is unconstitutional
Claim 29.1 it violates the First Amendment to the U.S. constitution
Claim 29.2 it is a content based restriction of speech and overbroad
Claim 29.3 it is a prior restraint or heckler's veto of speech
Claim 29.4 it is an artfully plead copyright claim
Claim 29.5 it is completely preempted by the copyright act

Claim 29.6 is it expressly preempted by the copyright act

Claim 29.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 29.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 29.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 29.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 29.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 29.12 it violates Amendment 14 section 1 of the U.S. constitution

(50)

Claim 30 Chapter 9A.86 Revised Code of Washington is unconstitutional

Claim 30.1 it violates the First Amendment to the U.S. constitution

Claim 30.2 it is a content based restriction of speech and overbroad

Claim 30.3 it is a prior restraint or heckler's veto of speech

Claim 30.4 it is an artfully plead copyright claim

Claim 30.5 it is completely preempted by the copyright act

Claim 30.6 is it expressly preempted by the copyright act

Claim 30.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 30.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 30.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 30.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 30.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 30.12 it violates Amendment 14 section 1 of the U.S. constitution

(51)

Claim 31 §61-8-28a, Code of West Virginia is unconstitutional

Claim 31.1 it violates the First Amendment to the U.S. constitution

Claim 31.2 it is a content based restriction of speech and overbroad

Claim 31.3 it is a prior restraint or heckler's veto of speech

Claim 31.4 it is an artfully plead copyright claim

Claim 31.5 it is completely preempted by the copyright act

Claim 31.6 is it expressly preempted by the copyright act

Claim 31.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 31.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 31.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 31.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 31.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 31.12 it violates Amendment 14 section 1 of the U.S. constitution

(52)

Claim 32 § 942.09, Code of Wisconsin is unconstitutional

Claim 32.1 it violates the First Amendment to the U.S. constitution

Claim 32.2 it is a content based restriction of speech and overbroad

Claim 32.3 it is a prior restraint or heckler's veto of speech

Claim 32.4 it is an artfully plead copyright claim

Claim 32.5 it is completely preempted by the copyright act

Claim 32.6 is it expressly preempted by the copyright act

Claim 32.7 it is expressly preempted by the CDA 47 U.S.C. § 230

Claim 32.8 it violates Article 1 Section 8 cl. 3 of the U.S. constitution

Claim 32.9 it violates Article 1 Section 8 cl. 8of the U.S. constitution

Claim 32.10 it violates Article 1 Section 10 cl. 1 of the U.S. constitution

Claim 32.11 it violates Amendment 5 cl4 of the U.S. constitution

Claim 32.12 it violates Amendment 14 section 1 of the U.S. constitution

(53)

Claim 33 the statutes in claims 1-32 violate the first amendment rights of Barber to either share "albino porn" he authored in  the territorial jurisdiction of the state; or pay others to share his "albino porn" in the territory of their state.

(54)

Claim 34 The statutes in claims 1-32 violate the first amendment rights of Barber to view the "revenge porn" of others in the territorial jurisdiction of their state and form a negative opinion of the person; or then subsequently use his first amendment right to share those images with others in their territorial jurisdiction, or pay others to share those images in those territories.

(55)

Claim 35 The statutes in claims 1-32 violate the rights of Barber and others to license their copyrighted works with the websites mentioned in paragraph 14-20 for free or for profit within their territorial jurisdiction, or to make or prepare derivative works, such as merchandise for sale when it violates those statutes as "revenge porn".

(56)

Claim 36 The statutes in claims 1-32 violate the rights of Barber and others to share new "revenge porn" images such as those science fictional nude space battles in the "revenge porn simulator", based on the likeness of others derived from the images provided by themselves or by those others, using photogrammetry methods, or based on tools like photoshop or even oil paint on canvas.

(57)

Claim 37 The statutes in claims 1-32 violate the rights of others to view the "revenge porn" of Barber or others and form a negative opinion of the person; or subsequently use their first amendment right to share those images with others in the territorial jurisdiction where it is forbidden.

(58)

Claim 38 Barber, and others are at risk of multiple prosecutions for insisting to exercise their first amendment rights despite a prior conviction.

(59)

Claim 39 17 U.S.C. § 511 eliminates all judicial immunity and sovereign immunity, and eleventh amendment immunity and was passed pursuant to: Article 1 section 8 cl. 8 to the U.S. constitution; Article 1 section 8 cl. 3 to the U.S. constitution; amendment 14 section 5 to the U.S. constitution; and to comply with international treaties such as:

(a)

WTO - TRIPS Article 44 (2)

(b)

WIPO Article 14(2)

(c)

NAFTA Article 1715(6).

(60)

Claim 40 Barber and others have been falsely arrested and incarcerated in violation of clearly established law with bad faith to suppress and retaliate against the exercise of their first amendment rights.

(61)

Remedy 1 Declaratory judgement that Oregon Revised Statute 163.472 is unconstitutional.
Remedy 2 An injunction enjoining enforcement of Oregon Revised Statute 163.472 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.
Remedy 3 A class action Habeas Corpus releasing all persons convicted of Oregon Revised Statute 163.472 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(62)

Remedy 4 Declaratory judgement that Code of Alabama 1975 Secs 15-20A-4 to 15-20A-4 is unconstitutional.
Remedy 5 An injunction enjoining enforcement of Code of Alabama 1975 Secs 15-20A-4 to 15-20A-4 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.
Remedy 6 A class action Habeas Corpus releasing all persons convicted of Code of Alabama 1975 Secs 15-20A-4 to 15-20A-4 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(63)

Remedy 4 Declaratory judgement that Code of Alabama 1975 Secs 15-20A-4 to 15-20A-4 is unconstitutional.
Remedy 5 An injunction enjoining enforcement of Code of Alabama 1975 Secs 15-20A-4 to 15-20A-4 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.
Remedy 6 A class action Habeas Corpus releasing all persons convicted of Code of Alabama 1975 Secs 15-20A-4 to 15-20A-4 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(64)

Remedy 7 Declaratory judgement that Arizona Revised Statutes 13-1425 is unconstitutional.
Remedy 8 An injunction enjoining enforcement of Arizona Revised Statutes 13-1425 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.
Remedy 9 A class action Habeas Corpus releasing all persons convicted of Arizona Revised

Statutes 13-1425 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(65)

Remedy 10 Declaratory judgement that Arkansas Code 5-26-314 is unconstitutional.

Remedy 11 An injunction enjoining enforcement of Arkansas Code 5-26-314 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 12 A class action Habeas Corpus releasing all persons convicted of Arkansas Code 5-26-314 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(66)

Remedy 13 Declaratory judgement that California Penal Code 647(j)(4)is unconstitutional.

Remedy 14 An injunction enjoining enforcement of California Penal Code 647(j)(4) pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 15 A class action Habeas Corpus releasing all persons convicted of California Penal Code 647(j)(4) pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(67)

Remedy 16 Declaratory judgement that Colorado Revised Statutes 18-7-107 and 18-7-108 is unconstitutional.

Remedy 17 An injunction enjoining enforcement of Colorado Revised Statutes 18-7-107 and 18-7-108 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 18 A class action Habeas Corpus releasing all persons convicted of Colorado Revised Statutes 18-7-107 and 18-7-108 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651

(68)

Remedy 19 Declaratory judgement that Connecticut  General Statute § 53a-189c is unconstitutional.

Remedy 20 An injunction enjoining enforcement of Connecticut  General Statute § 53a-189c pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 21 A class action Habeas Corpus releasing all persons convicted of Connecticut General Statute § 53a-189c pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(69)

Remedy 22 Declaratory judgement that District of Columbia Law 20-275 is unconstitutional.

Remedy 23 An injunction enjoining enforcement of District of Columbia Law 20-275 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 24 A class action Habeas Corpus releasing all persons convicted of District of Columbia Law 20-275 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(70)

Remedy 25 Declaratory judgement that Florida Statute 784.049 is unconstitutional.

Remedy 26 An injunction enjoining enforcement of Florida Statute 784.049 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 27 A class action Habeas Corpus releasing all persons convicted of Florida Statute 784.049 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(71)

Remedy 28 Declaratory judgement that § 11-23.5, Illinois Criminal Code is unconstitutional.

Remedy 29 An injunction enjoining enforcement of § 11-23.5, Illinois Criminal Code pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 30 A class action Habeas Corpus releasing all persons convicted of § 11-23.5, Illinois Criminal Code pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(72)

Remedy 31 Declaratory judgement that Kentucky Revised Statute 531.120 is unconstitutional.

Remedy 32 An injunction enjoining enforcement of Kentucky Revised Statute 531.120 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 33 A class action Habeas Corpus releasing all persons convicted of Kentucky Revised Statute 531.120 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(73)

Remedy 34 Declaratory judgement that Louisiana Revised Statute 14:283.2 is unconstitutional.

Remedy 35 An injunction enjoining enforcement of Louisiana Revised Statute 14:283.2 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 36 A class action Habeas Corpus releasing all persons convicted of Louisiana Revised Statute 14:283.2 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(74)

Remedy 37 Declaratory judgement that Sec. 1. 17-A Maine Revised Statute Annotated 511-A is unconstitutional.

Remedy 38 An injunction enjoining enforcement of Sec. 1. 17-A Maine Revised Statute Annotated 511-A pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 39 A class action Habeas Corpus releasing all persons convicted of Sec. 1. 17-A Maine Revised Statute Annotated 511-A pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(75)

Remedy 40 Declaratory judgement that Minnesota Statute § 617.261 is unconstitutional.

Remedy 41 An injunction enjoining enforcement of Minnesota Statute § 617.261 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 42 A class action Habeas Corpus releasing all persons convicted of Minnesota Statute § 617.261 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(76)

Remedy 43 Declaratory judgement that Missouri Revised Statute § 573.110 & 573.112 is unconstitutional.

Remedy 44 An injunction enjoining enforcement of Missouri Revised Statute § 573.110 & 573.112 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 45 A class action Habeas Corpus releasing all persons convicted of Missouri Revised Statute § 573.110 & 573.112 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(77)

Remedy 46 Declaratory judgement that Nevada Revised Statute, Chapter 200, §2-6 is unconstitutional.

Remedy 47 An injunction enjoining enforcement of Nevada Revised Statute, Chapter 200, §2-6 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 48 A class action Habeas Corpus releasing all persons convicted of Nevada Revised Statute, Chapter 200, §2-6 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(78)

Remedy 49 Declaratory judgement that New Hampshire Revised Statute § 644:9-a is unconstitutional.

Remedy 50 An injunction enjoining enforcement of New Hampshire Revised Statute § 644:9-a pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 51 A class action Habeas Corpus releasing all persons convicted of New Hampshire Revised Statute § 644:9-a pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(79)

Remedy 52 Declaratory judgement that New Mexico statute Section 30-37A-1 is unconstitutional.

Remedy 53 An injunction enjoining enforcement of New Mexico statute Section 30-37A-1 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 54 A class action Habeas Corpus releasing all persons convicted of New Mexico statute Section 30-37A-1 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(80)

Remedy 55 Declaratory judgement that New York Penal Law 245.15 is unconstitutional.

Remedy 56 An injunction enjoining enforcement of New York Penal Law 245.15 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 57 A class action Habeas Corpus releasing all persons convicted of New York Penal Law 245.15 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(81)

Remedy 58 Declaratory judgement that North Carolina General Statutes Section 14-190.5A is unconstitutional.

Remedy 59 An injunction enjoining enforcement of North Carolina General Statutes Section 14-190.5A pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 60 A class action Habeas Corpus releasing all persons convicted of North Carolina General Statutes Section 14-190.5A pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(82)

Remedy 61 Declaratory judgement that Section 12.1-17-07.2 of the North Dakota Century Code is unconstitutional.

Remedy 62 An injunction enjoining enforcement of Section 12.1-17-07.2 of the North Dakota Century Code pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 63 A class action Habeas Corpus releasing all persons convicted of Section 12.1-17-

07.2 of the North Dakota Century Code pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(83)

Remedy 64 Declaratory judgement that Ohio Revised Code 2917.211 is unconstitutional.
Remedy 65 An injunction enjoining enforcement of Ohio Revised Code 2917.211 pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.
Remedy 66 A class action Habeas Corpus releasing all persons convicted of Ohio Revised Code 2917.211 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(84)

Remedy 67 Declaratory judgement that Oklahoma Statute § 21-1040.13b is unconstitutional.
Remedy 68 An injunction enjoining enforcement of Oklahoma Statute § 21-1040.13b pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.
Remedy 69 A class action Habeas Corpus releasing all persons convicted of Oklahoma Statute § 21-1040.13b pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(85)

Remedy 70 Declaratory judgement that Title 18 Pennsylvania Consolidated Statutes § 3131 is unconstitutional.
Remedy 71 An injunction enjoining enforcement of Title 18 Pennsylvania Consolidated Statutes § 3131 pursuant to  28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.
Remedy 72 A class action Habeas Corpus releasing all persons convicted of Title 18 Pennsylvania Consolidated Statutes § 3131 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(86)

Remedy 73 Declaratory judgement that Rhode Island General Law § 11-64-3 is unconstitutional.
Remedy 74 An injunction enjoining enforcement of Rhode Island General Law § 11-64-3 pursuant to  28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.
Remedy 75 A class action Habeas Corpus releasing all persons convicted of Rhode Island General Law § 11-64-3 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(87)

Remedy 76 Declaratory judgement that Texas Penal Code 21.16 is unconstitutional.
Remedy 77 An injunction enjoining enforcement of Texas Penal Code 21.16 pursuant to  28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.
Remedy 78 A class action Habeas Corpus releasing all persons convicted of Texas Penal Code 21.16 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(88)

Remedy 79 Declaratory judgement that § 76-5b-203, Utah Code is unconstitutional.
Remedy 80 An injunction enjoining enforcement of § 76-5b-203, Utah Code pursuant to  28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.
Remedy 81 A class action Habeas Corpus releasing all persons convicted of § 76-5b-203, Utah Code pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(89)

Remedy 82 Declaratory judgement thatsec. 2. 13 Vermont Statutory Authority § 2606 is unconstitutional.

Remedy 83 An injunction enjoining enforcement of sec. 2. 13 Vermont Statutory Authority § 2606 pursuant to  28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 84 A class action Habeas Corpus releasing all persons convicted of sec. 2. 13 Vermont Statutory Authority § 2606 pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(90)

Remedy 85 Declaratory judgement that § 18.2-386.2, Code of Virginia  is unconstitutional.

Remedy 86 An injunction enjoining enforcement of § 18.2-386.2, Code of Virginia  pursuant to 28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 87 A class action Habeas Corpus releasing all persons convicted of § 18.2-386.2, Code of Virginia pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(91)

Remedy 88 Declaratory judgement that Chapter 9A.86 Revised Code of Washington is unconstitutional.

Remedy 89 An injunction enjoining enforcement of Chapter 9A.86 Revised Code of Washington2 pursuant to  28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 90 A class action Habeas Corpus releasing all persons convicted of Chapter 9A.86 Revised Code of Washington pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(92)

Remedy 91 Declaratory judgement that §61-8-28a, Code of West Virginia is unconstitutional.

Remedy 92 An injunction enjoining enforcement of §61-8-28a, Code of West Virginia pursuant to  28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 93 A class action Habeas Corpus releasing all persons convicted of §61-8-28a, Code of West Virginia pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(93)

Remedy 94 Declaratory judgement that § 942.09, Code of Wisconsin is unconstitutional.

Remedy 95 An injunction enjoining enforcement of § 942.09, Code of Wisconsin pursuant to  28 U.S.C. § 2283, 28 U.S.C. § 1651, 17 U.S.C. § 502.

Remedy 96 A class action Habeas Corpus releasing all persons convicted of § 942.09, Code of Wisconsin pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 1651.

(94)

Remedy 97 Declaratory judgement that 17 U.S.C. § 511 waives judicial immunity of state court judges and prosecutors.

Remedy 98 Declaratory judgement that 17 U.S.C. § 511 waives sovereign immunity and 11th Amendment immunity.

Remedy 99 Declaratory judgement that 17 U.S.C. § 511 was passed pursuant to Amendment 14 Section 5, and is congruent and proportional to congress's powers to prevent the seizing of intellectual property by states.

Remedy 100 Declaratory judgement that 17 U.S.C. § 511 was passed pursuant to congress's power under Article 1 section 8 cl. 3 of the U.S. constitution and Article 1 section 8 cl. 8 of the U.S. constitution, and was congruent and proportional to congress's power to provide uniform copyright laws, and protect their exclusive subject matter jurisdiction. The states waived their rights in the constitutional convention by assenting to the national government powers to regulate copyright.

Remedy 101 Declaratory judgement that congress's intention that governmental entities have no immunity was clarified in 17 U.S.C. § 511; that the violations enacted in 17 U.S.C. § 201(e) would not be able to be enforced unless the 17 U.S.C. § 511 was enforceable.

Remedy 102 Declaratory judgement that 17 U.S.C. § 511 was passed to satisfy international treaty obligations that waive governmental immunity for intellectual property violations by government actors, and that the statute is congruent and proportional to satisfy the obligations of those treaties, such as:

(a)

WTO - TRIPS Article 44 (2)

(b)

WIPO Article 14(2)

(c)

NAFTA Article 1715

(95)

Remedy 103 Declaratory judgement that the statute 17 U.S.C. § 301 and the jurisdictional statutes 28 U.S.C. § 1338 and 28 U.S.C. § 1454 completely preempt any state or common law claim that it preempts, giving the U.S. District Court exclusive subject matter jurisdiction, and state proceeding arising under claims preempted by 17 U.S.C. § 301 lacked jurisdiction.

Remedy 104 Declaratory judgement that the copyright act preempts state law claims that:

(a)

Challenge control of the artistic work itself

(b)

Are infringed by the mere act of reproduction, distribution, or display

(c)

Interfere with the exclusive rights of a copyright holder.

(d)

Claim unauthorized publication

(e)

A claim of publicity (right to control name and likeness)

(f)

A claim of disclosure of private facts

(g)

A claim of the right to be forgotten

(h)

Oral agreement or promissory estoppel (see 17 U.S.C. § 204(a))

(i)

Any claim of emotional distress

(j)

Right to consent to the dissemination of an image

(96)

Remedy 104 Declaratory judgement that statutes based on emotional distress, reputational harm, or dignity interests do not state a compelling government interest, and fail strict scrutiny and are overbroad violating the first amendment to the U.S. constitution.

Remedy 105 Declaratory judgement that there is no privacy interest in information willingly given to a third party, absent a physical or computer trespass by the person obtaining the information.

Remedy 106 Declaratory judgement that the Communications Decency Act 47 U.S.C. § 230 immunizes users of websites that post information provided by another information content provider (user or interactive computer service).

Remedy 107 Declaratory judgement that since congress acted in the field of regulating internet content standards and regulating copyrights, that the states cannot infringe on their dormant authority to solely regulate those fields under Article 1 section 8 of the U.S. constitution.

Remedy 108 Declaratory judgement that preventing copyright owners to use their works, that the state has performed a regulatory taking of intellectual property.

Remedy 109 Declaratory judgement that requiring affirmative consent, or creating a constructive trust, or a constructive contract, or implied contract, all violate the contract clause of the U.S. constitution, especially so if it allows someone to withdraw consent or burden them with new agreements.

Remedy 110 Declaratory judgement that requiring affirmative consent by the person depicted in the image constitutes a prior restraint of speech or a heckler's veto of speech.

Remedy 111 Declaratory judgement that the prior restraint of a license in the statute, is not narrowly tailored and includes formation of opinion and exercise of discretion.

Remedy 112 Declaratory judgement that the statutes are both content and viewpoint based, because the injury can only occur if there is a formation of a viewpoint by others.

Remedy 113 Declaratory judgement that content and viewpoint restrictions of speech, and statutes that are preempted by the copyright are patently and flagrantly unconstitutional, and there is no collateral bar in attacking transparently invalid orders.

(97)

Remedy 114 Declaratory judgement that the prosecutions were executed in bad faith, because of a presumption of vindictiveness, in retaliation for the exercise of constitutional rights.

(98)

Remedy 115 Declaratory judgement that any persons convicted of the statutes will suffer

multiple convictions if they wish to continue to exercise their constitutional rights.

(99)

Remedy 116 Declaratory judgement that anyone convicted of statutes in claims 1-32 were wrongfully convicted, falsely arrested, and wrongfully imprisoned, in violation of clearly established law.

## Memorandum of Law

### First Amendment Standing

### The First Amendment Protects Anonymous Speech.

Revealing an anonymous speaker's identity or prohibiting anonymous speech constitutes a recognized First Amendment injury. The Supreme Court has for over fifty years recognized that the First Amendment protects the right to speak anonymously. Talley v. California, 362 U.S. 60 (1960); see also McIntyre v. Ohio Elections Comm'n, 514 U.S. 334 (1995). Anonymity "protect[s] unpopular individuals from retaliation—and their ideas from suppression—at the hand of an intolerant society." McIntyre, 514 U.S. at 357. Commentators have recognized that the Court has long been "highly solicitous of the need of dissidents . . . to speak anonymously when they have a credible fear of retaliation for what they say." A. Michael Froomkin, Flood Control on the Information Ocean: Living with Anonymity, Digital Cash, and Distributed Databases, 15 J.L. & Com. 395, 429 (1996); see also Peterson v. Nat'l Telecomm. & Info. Admin., 478 F.3d 626, 632 (4th Cir. 2007) (acknowledging that protection of anonymity should be strongest "where it serves as a catalyst for speech" because revelation of speakers' identities "discourages proponents of controversial viewpoints from speaking"). In fact, the Court has recognized that the long tradition of anonymous pamphleteering in the United States has been essential to the development of our democracy. Talley, 362 U.S. at 64; see also McIntyre, 514 U.S. at 360.

Like all First Amendment rights, the right to speak anonymously applies to online speech. Reno v. American Civil Liberties Union, 521 U.S. 844, 870 (1997); Taylor v. John Does 1-10, No. 4:13-CV-218-F, 2014 WL 1870733, at *2 (E.D.N.C. May 8, 2014) ("The First Amendment protects anonymous speech, including anonymous speech on the internet."). As in the tangible world, however, the right to anonymity online is not absolute. See, e.g., Watchtower Bible Tract Soc'y of New York v. Vill. of Stratton, 536 U.S. 150, 168 (2002); In re Anonymous Online Speakers, 661 F. 3D 1168, 1172-1176 (9th Cir 2011)

. Courts around the country have devised a variety of tests for when identifying information about an anonymous online speaker can be revealed. These tests balance the right to anonymous speech against other important interests. See, e.g., Taylor, 2014 WL 1870733, at *2; see also Lyrissa B. Lidsky, Anonymity in Cyberspace: What Can We Learn from John Doe?,

50 B.C. L. Rev. 1373, 1377-1379 (2009) (discussing the balancing tests devised by courts to address anonymous speech online). For example, some courts require that a plaintiff set forth a prima facie claim and take steps to notify the anonymous posters of the unmasking action before the court will consider revealing the identity of an anonymous online speaker. See, e.g., In re Drasin, No. CIV.A. ELH-13-1140, 2013 WL 3866777, at *3 (D. Md. July 24, 2013) (citing Indep. Newspapers, Inc. v. Brodie, 407 Md. 415, 456 (2009)). The Fourth Circuit has not yet decided what procedural hurdles are appropriate for protecting anonymous online speakers. See Taylor, 2014 WL 1870733, at *2. But it has recognized that anonymous speech deserves First Amendment protection.

In the Fourth Circuit, an individual's right to anonymity, even in the less protective commercial speech context, can be overcome only by "adopted a 'heightened relevance standard" requiring plaintiffs to "'demonstrate[] an interest in obtaining the disclosures ... which is sufficient to justify the deterrent effect ... on the free exercise ... of [the] constitutionally protected right of association." In re Anonymous Online Speakers, 661 F.3d at 1176. Political speech and noncommercial speech likely will receive higher constitutional protection. Froomkin, 15 J.L. & Com. at 428 ("Political speech receives the highest constitutional protection because it 'occupies the core of the protection afforded by the First Amendment;' other types of speech, notably 'commercial speech,' sometimes receive a reduced level of First Amendment protection") (citations omitted). Lower courts in the Fourth Circuit have also recognized protection of anonymous speech. See, e.g., United States v. Cassidy, 814 F. Supp. 2d 574, 583, 587 (D. Md. 2011) (applying strict scrutiny and holding federal interstate stalking statute unconstitutional as applied to an anonymous online speaker because "the Government's Indictment here is directed squarely at protected speech: anonymous, uncomfortable Internet speech").

Both websites and anonymous online speakers can assert anonymous speech claims. Websites often bring First Amendment claims on behalf of their users in response to subpoenas seeking to unmask users' identities. The First Amendment injury contemplated in these cases is the unmasking of the anonymous user's identity through the revelation of the user's IP address. The website challenges the subpoena that seeks the user's IP address, prompting courts to protect the anonymous speech right. See Nathaniel Gleicher, John Doe Subpoenas: Toward a Consistent Legal Standard, 118 Yale L. J. 320, 328 (2008) ("Uncovering [a user's] identity often requires two steps. First, the plaintiff must subpoena the website…for the Internet protocol (IP) address of the user who made the online comments."). While an IP address is not a name, it points directly to the user's underlying identity. Unmasking IP addresses thus implicates the anonymity right. Id. at 328 (explaining how an IP address is used to obtain "the address, telephone number, and other contact information associated with the account of the computer whose IP address" was obtained). See also Department of Justice, Computer Crime and Intellectual Property Section Criminal Division, Searching and Seizing Computers and Obtaining Electronic Evidence in Criminal Investigations 65 (2009) (explaining how an IP address may be used to obtain a "user's name, street address, and other identifying information.").

**The First Amendment Protects the Right to Receive Information**

A necessary corollary of the First Amendment speech right is the right to receive information, which includes the right to receive information in private. See generally Julie E. Cohen, A Right to Read Anonymously: a Closer Look at "Copyright Management" in Cyberspace, 28 Conn. L. Rev 981 (1996); Marc Jonathan Blitz, Constitutional Safeguards for Silent Experiments in Living: Libraries, the Right to Read, and a First Amendment Theory for an Unaccompanied Right to Receive Information, 74 UMKC L. Rev. 799, 799-809 (2006).

The right to receive information in private is explicitly recognized in First Amendment case law. See, e.g., Stanley v. Georgia, 394 U.S. 557, 564 (1969) (noting that it is "now well established that the Constitution protects the right to receive information and ideas" and recognizing that privacy violations implicate that right). In Lamont v. Postmaster General, the Supreme Court held unconstitutional a requirement that mail recipients write in to request communist literature because it would deter individuals from accessing the literature. 381 U.S. 301, 307, 309 (1965). See also, e.g., Martin v. Struthers, 319 U.S. 141, 146, 149 (1943) (holding that ban on door-to-door distribution of circulars violated First Amendment right to receive information); Stanley, 394 U.S. at 564 (holding same for a ban on possession of obscenity in the privacy of the home).

The Supreme Court has recognized that it is well established that the First Amendment protects a right to receive information from a willing speaker. A plaintiff can establish standing to bring a right-to-receive claim by showing the existence of a willing speaker. See e.g. Brown v. Entertainment Merchants Ass'n, 131 S. Ct. 2729, 2735 n.1 ("Whether government regulation applies to creating, distributing, or consuming speech makes no difference"); see also Stephens v. Cnty. of Albemarle, VA, 524 F.3d 485, 491-92 (4th Cir. 2008) In re Application of Dow Jones & Co., 842 F.2d 603, 606–08 (2d Cir. 1988); and Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 787 n.12 (1st Cir. 1988)).

**"Chilling Effects" are a Recognized Form of First-Amendment Injury.**

In addition to recognizing First Amendment privacy rights, courts recognize the chilling effect as a First Amendment injury. See Lopez v. Candaele, 630 F. 3D 775, 791 (9th Cir 2010) ("we held that an organization can establish injury in fact sufficient for pre-enforcement standing merely by showing that it altered its expressive activities to comply with the statutes at issue and alleging its apprehension that the relevant statutes would be enforced against it.") (quoting *Santa Monica Food Not Bombs v. City of Santa Monica (Food Not Bombs)*, 450 F.3d 1022 (9th Cir.2006)) The chilling effect occurs when an individual self-censors in response to

government action. Id. See also Lyrissa B. Lidsky, Silencing John Doe: Defamation & Discourse in Cyberspace, 49 Duke L.J. 855, 888 (2000) ("the chilling effect occurs when … law encourages prospective speakers to engage in undue selfcensorship to avoid the negative consequences of speaking"). Individuals often self-censor in response to surveillance; social science suggests that surveillance produces conformist tendencies and muffles the expression of dissident viewpoints. See generally Margot E. Kaminski & Shane Witnov, The Conforming Effect: First Amendment Implications of Surveillance Beyond Chilling Speech, 49 U. Rich. L. Rev. 465 (2015).

The Fourth Circuit has established that a chilling effect exists for purposes of determining First Amendment injury-in-fact whenever government action or a defendant's retaliatory conduct "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes v. Robinson, 408 F. 3D 559, 569 (9th Cir 2005)(quoting Mendocino Environmental Center v. Mendocino County 192 F.3d 1283, 1300 (9th Cir.1999)) (internal quotation marks omitted). A claimant need not show that she stopped all expressive activity to show a chill; she need only show that the chill was objectively reasonable. Id. ("[claimant] does not have to demonstrate that his speech was "actually inhibited or suppressed."). The existence of a chilling effect thus often conveys standing in First Amendment cases. See, e.g., Lopez v. Candaele, 630 F. 3D 775, 785 – 788 (9th Cir 2010)

**First Amendment Standing is Distinctive and Permissive.**

First Amendment claims, including First Amendment privacy claims, are evaluated under First Amendment standing doctrine, which is distinctly permissive towards plaintiffs. See Cooksey v. Futrell, 721 F. 3D 226, 229 (4th cir 2013)("The district court erred . . . in not analyzing [appellant's] claims under the First Amendment standing framework."). This is unsurprising, given the priority free speech receives in American constitutional law. In standing doctrine, as elsewhere, courts put a thumb on the scale in favor of the First Amendment.

**Threshold Standing Requirements are More Liberally
Interpreted in the First Amendment Context.**

The Fourth Circuit has recognized that standing, and especially the injury-in-fact component, is "somewhat relaxed in First Amendment cases." Id. at 235. That is because in the face of stringent standing requirements, individuals engaged in protected speech may choose to refrain from speaking rather than challenge a government action, and then "[s]ociety as a whole . . . would be the loser." Id. Free speech is so fundamental to our democratic society that we do not want to risk its loss by making legal challenges too difficult. Id. (noting that "when there is a danger of chilling free speech, the concern that constitutional adjudication be avoided whenever

possible may be outweighed by society's interest in having the statute challenged") (quoting Secretary of State of Md. v. Joseph H. Munson Co., Inc., 467 U.S. 947, 956 (1984)). This "leniency of First Amendment standing manifests itself most commonly in the doctrine's first element: injury-in-fact." Id.

As discussed below, the Supreme Court's recent decision in Clapper did not impact this general leniency. Indeed, the Fourth Circuit has reaffirmed after Clapper that standing requirements are less rigid in First Amendment cases. See Cooksey, 721 F.3d at 235 (noting that First Amendment cases "raise unique standing considerations that tilt dramatically toward a finding of standing") (quoting Lopez v. Candaele, 630 F.3d 775, 781 (9th Cir. 2010) (internal quotation marks and citations omitted)).

### Third Parties Can Have Standing Under the First Amendment.

First Amendment standing doctrine is more permissive with respect to third parties. Courts have held that entities such as newspapers, internet service providers, and website hosts have standing under jus tertii to assert the First Amendment rights of their readers and posters.

See, e.g., McVicker v. King, 266 F.R.D. 92, 95-96 (W.D. Pa. 2010); Enterline v. Pocono Med. Ctr., 751 F. Supp. 2d 782, 786 (M.D. Pa. 2008). A newspaper has standing to assert the rights of anonymous commentators because those individuals "face practical obstacles to asserting their own First Amendment rights," and the newspaper has a real interest in zealously arguing the issue because of its "desire to maintain the trust of its readers and online commentators." Enterline, 751 F. Supp. 2d at 785-86. Moreover, a newspaper can itself display injury-in-fact because revelation of posters' identities could "compromise the vitality of the newspaper's online forums." Id. This Court has recognized that a blog administrator can, like a newspaper, assert standing on behalf of anonymous online posters. See In re Drasin, 2013 WL 3866777, at *2 n.3 (citing Enterline, 751 F. Supp. 2d at 786).

In the First Amendment context, a free speech litigant can often raise the rights of third parties, even when she has no special relationship with those third parties, by using overbreadth doctrine. See, e.g., Peterson, 478 F.3d at 633-34 ("The Supreme Court has relaxed standing requirements for overbreadth challenges to allow litigants 'to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.'") (quoting Broadrick v. Oklahoma, 413 U.S. 601, 612 (1973) ).

### Anticipated Injuries Can Suffice to Create Standing Under the First Amendment.

First Amendment standing doctrine is more permissive with respect to anticipated injuries. Anticipated injuries often suffice for First Amendment standing, especially when the harm alleged is the chilling effect. For example, the Supreme Court recently decided in Susan B. Anthony v. Driehaus that a credible threat of enforcement of a statute can suffice for injury-in-fact, even where plaintiffs did not confirm that their future speech would violate the law. 134 S. Ct. 2334, 2338 (2014). Similarly, the Fourth Circuit has held that the threat of government enforcement combined with an announcement that the plaintiff's blog would continue to be monitored by the government sufficed to show injury-in-fact. Cooksey, 721 F.3d at 237 (noting as part of injury-in-fact that plaintiff received "an explicit warning from the State Board that it will continue to monitor the plaintiff's speech in the future").

### Facial Challenges are More Favored Under the First Amendment.

Finally, while the present case is not a facial challenge, how courts treat First Amendment facial challenges again demonstrates the general permissiveness of First Amendment standing doctrine. In free speech cases, courts take the risk of harm to others and the risk of a collective chilling effect on protected expression very seriously. This concern is evidenced by courts' evaluations of First Amendment facial challenges. Facial challenges stem from the notion that, as commenters have noted, "everyone has a personal right, independent of third-party standing, to challenge the enforcement of a constitutionally invalid statute against her." Richard H. Fallon, Jr., As-Applied and Facial Challenges and Third-Party Standing, 113 Harv. L. Rev. 1321, 1327 (2000).

Under the First Amendment, facial challenges look to whether overbreadth is "real . . . [and] substantial . . . judged in relation to the statute's plainly legitimate sweep." Broadrick, 413 U.S. at 615; see generally, Lewis Sargentich, The First Amendment Overbreadth Doctrine, 83 Harv. L. Rev. 844 (1970). By contrast, in cases not involving the First Amendment, facial challenges prevail only when there is no constitutional application of a statute. See, e.g., United States v. Stevens, 559 U.S. 460, 473 (2010) (noting that "to succeed in a typical facial attack, [a party] would have to establish 'that no set of circumstances exists under which the [measure] would be valid'") (citation omitted).

In United States v. Stevens, for example, the defendant successfully challenged as overbroad under the First Amendment a statute criminalizing the creation, sale, or possession of certain depictions of animals, even though he was prosecuted for creating only one type of banned depiction (a video of dogfighting). 559 U.S. at 465, 474. Outside of First Amendment standing doctrine, Stevens' facial challenge would have failed if the government could show a single "circumstance[] . . . under which the [statute] would be valid." Id. at 473 (citation omitted). In assessing Stevens' First Amendment overbreadth challenge, the Court evinced

concern about the broader chilling effect of the statute on parties not before them.

### There is no collateral bar to challenging prior restraints on speech

Prior restraints are often considered the worst forms of censorship, partly because of how they work with the 'collateral bar rule'. The collateral bar rule prevents any challenges to a court order if the party disobeys the order before first challenging it in court. When a law is unconstitutional, punishments for those who violate that law can be challenged. Prior restraints are often court ordered however, so a person who speaks in violation of one without first challenging it in court may not then challenge it later, regardless of the constitutionality of their speech. The Court will not apply the collateral bar rule if the licensing system is not constitutional on its face, however.

The decision in Shuttlesworth v. City of Birmingham Alabama 394 US 147, 151 (1969) overturned the convictions of civil rights protesters for marching without a permit. Because this particular licensing system gave local officials unlimited discretion to approve or disapprove permits, the Court determined it to be unconstitutional and said that a "person faced with such an unconstitutional licensing law may ignore it." It is important to note that the marchers in Shuttlesworth marching without a permit were doing so in violation of the same permit system as Dr. King in Walker. However, Dr. King violated a court ordered injunction, whereas the marchers in this case violated an unconstitutional permit law. Similiarly in Walker v. City of Birmingham, 388 U.S. 307, 315 (1967) The Court specifically noted that "this is not a case where the injunction was transparently invalid or had only a frivolous pretense to validity", so refused to issue an injunction.

The State of Oregon has adopted the stance of the Shuttlesworth case in State v. Crenshaw, 764 P.2d 1372,1376 (Or Sup Ct 1988) when:

"irremediable harm to a legally cognizable interest" or "If, however, there is no possibility of a direct appeal or a mandamus proceeding, or if such a proceeding would be ineffective in protecting some right or privilege, the justification for the 'no collateral attack' rule disappears".

Such is the case when the first amendment is implicated because "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 US 347,374

This has also been adopted by the 9th circuit in Zapon v. US Dept. of Justice, 53 F. 3D 283 (9th Cir 1995) Only in the rarest of situations do federal courts countenance a party's disregard of an existing court order because it was mistakenly issued — a clearly invalid prior restraint in the First Amendment context, "where the injunction was transparently invalid or had only a frivolous pretense to validity," is the only example that comes to mind. *Walker v. City of Birmingham, 388 U.S. 307, 315, 87 S.Ct. 1824, 1829, 18 L.Ed.2d 1210 (1967)*.

**Rooker feldman does not apply to combined 42 U.S.C. 1983 / habeas corpus actions**

In Preiser v. Rodriguez, 411 US 475, 478 the plaintiff filed a combined 42 U.S.C. 1983 and 28 U.S.C. 2254 "Rodriguez then filed in the District Court a complaint pursuant to § 1983, combined with a petition for a writ of habeas corpus." This is not barred by the Rooker Feldman doctrine.
See eg In re Gruntz, 202 F. 3D 1074,1079 (9th cir 2000)

> It is well-settled that the Rooker-Feldman doctrine does not touch the writ of habeas corpus. See Plyler v. Moore, 129 F.3d 728, 732 (4th Cir.1997); Ritter v. Ross, 992 F.2d 750, 753 (7th Cir.1993); Blake v. Papadakos, 953 F.2d 68, 71 n. 2 (3d Cir.1992). Indeed, federal habeas-corpus law turns Rooker-Feldman on its head. Rather than leaving state court judgments undisturbed, it provides expressly for federal collateral review of final state court judgments, see, e.g., 28 U.S.C. § 2254, and requires exhaustion of state remedies as a precondition for federal relief, see 28 U.S.C. § 2254(b)(1)(A). As we shall discuss when examining the merits of this appeal, through the statutory writ of habeas corpus Congress has created a comprehensive system of federal collateral review of state court criminal judgments. Thus, habeas corpus is not an "exception" to Rooker-Feldman, but a procedure with roots in statutory jurisdiction parallel to-and in no way precluded by-the doctrine.

See ECF 4 for the current state of the exhaustion of the plaintiff, moreover a nation wide class action habeas corpus is suitable to protect the rights of all persons convicted of these laws see e.g.  Ali v. Ashcroft, 346 F. 3D 873, 888-891 (9th Cir 2003)

**Rooker Feldman does not apply to a lack of jurisdiction**

The plaintiff alleges that the statutes are all completely preempted by the copyright act, and that they are artfully plead copyright claims, which means that the circuit court lacked subject matter jurisdiction over the cause. Complete preemption "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." Dennis v. Hart, 724 F.3d 1249, 1254 (9th Cir. 2013). "Numerous Courts, including the Ninth Circuit, have found that the preemption provision of the Copyright Act, 17 U.S.C. § 301(a), completely preempts certain state-law claims falling within its scope." VOLTAGE PICTURES, LLC v. Doe Civ. No. 6:14-cv-812-MC Dist. Court, D. Oregon 2014 See eg In re Gruntz, 202 F. 3D 1074, 1079 (9th cir 2000)

> Indeed, the rule has long stood that "[a] state court judgment entered in a case that falls within the federal courts' exclusive jurisdiction is subject to collateral attack in the federal courts. Gonzales v. Parks (In re Gonzales), 830 F.2d 1033, 1036 (9th Cir.1987). "

### Rooker Feldman does not apply to the First Amendment

When challenging the statute on the face on the basis of first amendment rights, it is not relevent whether or not there are previous convictions, because a person will still retain the first amendment right to engage in identical conduct, subject to multiple prosecutions see e.g. Wolfe v. Strankman, 392 F. 3D 358, 364 (9th cir 2004)

> We construe Wolfe's references to the prior judicial actions enumerated above in this light. That is, we construe these references as showing that Wolfe has, in the past, acted in such a way as to subject himself to the operation of the Vexatious Litigant Statute, thereby tending to show that he will act in this way again and that the statute will be enforced against him again. These references are thus part of his demonstration that he is sufficiently threatened with actual harm from the future operation of the Vexatious Litigant Statute that he has standing to bring the present suit. We do not construe these references as de facto appeals from the decisions in those prior actions. We therefore hold that the district court erred in dismissing Wolfe's suit for lack of subject matter jurisdiction under Rooker-Feldman.

### Take Judicial Notice of Sealed Exhibits

### Res Judicata

Unlike the previous action, barber (who is no longer an inmate) has added additional parties with new defendants and new ex relatione plaintif third party claims, and he has posted in the sealed exhibits copies of activities that could lead to the petitioner punished in these other states, and could lead to multiple prosecutions, petititioner also seeks appointment of counsel and class action status for 3rd parties. In the previous court case there was not an full and fair opportunity to present the issues of first amendment standing, third party standing, multiple – future prosecutions, and a combined 42 U.S.C. 1983 and 28 U.S.C. 2254, nor was appointment of counsel considered before dismissal.

Date12/5/2019                              /s/ Benjamin Barber