Benjamin Barber
10043 SE 32nd ave
Milwaukie, OR 97222

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

Benjamin Barber,                                    Case No. : 3:19-cv-01631-YY

                          Plaintiff(s),

v.                                                  Copy of State Court Transcripts

Oregon, et. al.

                          Defendant(s).

Attached is the state court transcripts filed  State v. Holten A168404 Oregon Court of Appeals

Dated:  12/10/2019

                                                   s/Benjamin Barber
                                                   Benjamin Barber

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

STATE OF OREGON,                    )
                                    )
        Plaintiff,                  )
                                    ) Trial Court
    Vs.                             ) Case No. 18CR44240
                                    )
                                    ) **A168404**
                                    )
JAYCOB PATRICK HOLTEN,              )
                                    )
        Defendant.                  )
_____    )


TRANSCRIPT OF AUDIO-RECORDED PROCEEDINGS

Hillsboro, Oregon

July 18, 2018 – Plea and Sentencing Hearing
BEFORE THE HONORABLE DANIELLE HUNSAKER

-oOo-

**APPEARANCES**

Bryce Bissinger,
Deputy District Attorney
Appearing on behalf of the State

Cassidy Rice
Attorney at Law
Appearing on behalf of the Defendant

**Transcript Prepared by:**
Carlotta Hall
Court Transcriber
Yachats, OR 97498

i

## WITNESS INDEX

| STATE'S | | D | X | ReD | ReX |
|---|---|---|---|---|---|
| None | | | | | |

| DEFENSE'S | | | | | |
|---|---|---|---|---|---|
| None | | | | | |

ii

1

**EXHIBIT INDEX**

2

3          **STATE'S**                                    **OFFERED**          **ADMITTED**

4          None

5

6

7          **DEFENDANT'S**

8          NONE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

iii

## GENERAL INDEX – PAGE 1

### July 18, 2018 PLEA AND SENTENCING HEARING

Hearing Begins....................................1

Factual Basis....................................5

Guilty Plea Accepted.............................8

State's Recommendations..........................8

Defense's Response..............................13

Victim's Statements.............................16

Court's Ruling..................................17

Proceeding Concluded............................19

Certificate Page................................20

1

**State v. Jaycob Patrick Holten**

**Wednesday, July 18, 2018**

**(2:19 p.m.)**

**(Plea and Sentencing Hearing)**

THE COURT:  Alright.  We have several changes of
plea.  First one I want to do is for Jaycob Holten, 18CR44240.

DEFENSE:  Good afternoon, your Honor.  For the
record, Cassidy Rice, R-I-C-E; bar number 164682

I'm here with Mr. Holten who's present and in custody.

And your Honor, we forwarded a petition to enter a guilty
plea to the Court and to the District Attorney's office.

And I anticipate a change of plea and sentencing today.

THE COURT:  Alright.  So, Mr. Holten, is it your
intention to plead guilty today?

DEFENDANT:  It is.

THE COURT:  Have you read and signed your plea
agreement?

DEFENDANT:  I did.

THE COURT:  Have you taken the chance to talk with
your attorney and get some advice about your options before
choosing to do this?

DEFENDANT:  I did.

2

1    THE COURT:   Are you satisfied with your attorney?

2    DEFENDANT:   Yes, I am.

3    THE COURT:   Have you spoken with your attorney about
4    the rights that you give up when you plead guilty?

5    DEFENDANT:   Yes, I have.

6    THE COURT:   Tell me what those rights are.

7    DEFENDANT:   Oh, I can't (inaudible).

8    THE COURT:   Okay.  What - - you're giving up
9    something.  Do you know what you're giving up?
10

11   DEFENDANT:   The right to a jury trial.

12   THE COURT:   You're giving up your right to have a
13   trial and to present a defense or challenge the State's
14   evidence.  Okay.

15   DEFENDANT:   That's it.

16   THE COURT:   Do you want to give up those rights?

17   DEFENDANT:   Yes, I do.

18   THE COURT:   So, under this plea agreement you're
19   pleading to two misdemeanor charges.  Both of these charges have
20   a maximum possible penalty of 364 days in jail and a fine of
21   $6,250.00.
22

23   DEFENDANT:   Yep.

24   THE COURT:   You know that's the maximum penalty?

25   DEFENDANT:   Yes, I do.

3

1        THE COURT:   Your agreement tells me that you're on

2  probation in another case.   Is that right?

3        DEFENDANT:   Yes.

4        THE COURT:   Do you realize that pleading to a new

5  charge likely will result in your being found in violation of

6  your probation?

7

8        DEFENDANT:   Yeah.

9        DEFENSE:   He has an IRA on the probation anyway, your

10  Honor.

11        THE COURT:   Alright.   So, you're going to be looking

12  at additional consequences in that probation case probably.   You

13  understand that?

14        DEFENDANT:   Yeah.

15        THE COURT:   And you're willing to go forward?

16        DEFENDANT:   I am.

17        THE COURT:   Alright.   This may not apply to you but I

18  need to make sure you understand that if you're not a United

19  States citizen and you plead guilty to a crime; that has

20  negative immigration consequences.

21        DEFENDANT:   (inaudible)

22        THE COURT:   Alright.   Paragraph 14 of your agreement

23  says that you have agreed - - alright I'm just trying to - - so,

24

25  we'll start with the probation case.

4

The parties are proposing that you be revoked from that probation case and be given one year in jail per a previously issued IRA that another Judge had given to you. Alright.

For this case, the parties have not reached a specific agreement about jail time but will be making arguments to me about whether you should also have jail time to serve on this case.

But there is an agreement that any jail time imposed would be consecutive to the time that you're serving on the probation case.

DEFENDANT: Uh-huh.

THE COURT: Do you understand that?

DEFENDANT: Mmm-huh.

THE COURT: And then there's some financial obligations in this case for a total of $600.00. And in exchange for pleading guilty to Counts One and Two; the State is agreeing to dismiss Counts Three and Four.

So, those terms that I have described; do you agree to them?

DEFENDANT: I do.

THE COURT: Have any other terms been offered to you that we didn't - - that I did not describe?

DEFENDANT: No, Ma'am.

5

1    THE COURT:    Anybody pressuring you or coercing you to

2  get you to do this?

3    DEFENDANT:    Nope.

4    THE COURT:    Alright.  And are you guilty of

5  disseminating an intimate image of another person?

6    DEFENDANT:    Yes.

7    THE COURT:    Are you guilty of two Counts of that?

8    DEFENDANT:    Yes, Ma'am.

9    THE COURT:    What happened?

10    DEFENDANT:    Me and my ex-fiancé were making porn.

11    And she got - - her family got mad when I got her pregnant and I

12  went on the run.

13    So, I came back in Multnomah County and - - or Washington

14  County when this came.

15    THE COURT:    Alright.  So, you were making images or

16  videos and then also posting those somewhere publically?

17    DEFENDANT:    Yeah, (inaudible).

18    THE COURT:    Alright.  I'll hear from the State.

19    STATE:    Your Honor, I just want to put some more

20  facts on the - - I'm sorry, Bryce Bissinger for the State.

21    I'd just like to put some more facts about his case and

22  then I'm - - whenever you're ready I'd like to go back and talk

23  a little more about the sentencing.

6

1    THE COURT:   Alright.  So, let's deal with just the
2   guilty plea part for now.
3    STATE:   Okay.  So, in this case, your Honor, the
4   defendant and the victim were in a relationship.
5    The defendant was on probation for Assault, Strangulation
6   with this victim in the current case.
7    He was released from jail on November 16th of 2017.  He
8   immediately violated - - I'm sorry while he was in jail he was
9   violating the no contact order between the two of them by
10   calling them.
11
12    And as soon as he got out of jail; he went back to the
13   victim and they shacked up again.
14    A short time after this; the defendant asked the victim to
15   make a site on Porn Hub with him.  She agreed and they created
16   an account that both they had - - both of them had access to.
17    The defendant and the victim had made some videos of them
18   having sex and they were uploaded to the site.
19    Shortly after this, the victim changed her mind and didn't
20   want these photos or videos on Porn Hub anymore.
21    She told this to the defendant and then she contacted Porn
22   Hub and asked him to take down the videos.  He did.
23
24    Eventually, however, she left him after some abuse and some
25   domestic violence issues and some control and behavior.

1   At that point, he created a new site and re-uploaded all
2   these images; sort of a revenge thing.  And there's some
3   communications between him and her where he's threatening her
4   and saying he's going to put these things up to make her famous
5   essentially.
6   So, this all occurred around November 27th of 2017.  This is
7   when he uploaded multiple photos of the victim that were naked
8   and also videos of them engaged in sexual intercourse.
9
10  Defendant told the victim about the new site and showed it
11  to her.  The victim told the defendant that she was upset and
12  doesn't know how you take them down because she didn't have
13  access to the new site.
14  And I should also note that he'd taken her cell phone and
15  had complete control over that; so she couldn't do anything with
16  that either.
17  The victim, you know had left the defendant by that point
18  and she reported this to the police in early 2017.
19  Now, on the site there were two photos of the victim where
20  her breasts were exposed and there were also multiple videos of
21  the defendant and the victim engaged in vaginal and oral sexual
22  intercourse.  And those are the facts in this case.
23
24  THE COURT:   Alright.  So, before we get to the
25  sentencing portion anything else from Defense.

8

1    DEFENSE:    Not from Defense, your Honor.

2    THE COURT:    Okay.  So, then Mr. Holten, I'm going to

3 accept your decision to plead guilty based on your admission of

4 guilt and the facts that I have heard that support these two

5 charges.

6    And then as - - we went over it before the parties want to

7 make arguments regarding jail time in this new case.  And so,

8 I'll start with the State.

9    STATE:    Thanks Judge.

10 So, for such a relatively young individual the victim has -

11 - or the defendant has quite a extensive criminal history

12 especially in person crime territory.

13 In 2014, the defendant was 19 years old he was arrested and

14 convicted of Harassment.  This was with a different girlfriend

15 but it's the same behavior.

16 He was controlling her.  He was abusive towards her.  He

17 took advantage of her.  He was jealous.

18 At one point, he got into an argument with her and began

19 choking her - - I'm sorry - - no, I'm sorry this is a different

20 case.

21 He shoved her into a baby crib essentially.  He was

22 convicted of Harassment in that case.  That was in 2014.

9

1      In 2016, the defendant went to a party.  He had a

2  girlfriend at this point too.  He saw another man talking to his

3  girlfriend and he got jealous.

4      And so, he immediately went up to the victim and began

5  punching him in the face, the throat and the ribs.  Had to be

6  pulled off by a relative.

7      In 2017, the victim in this case who's here today and the

8  defendant (inaudible) - - the defendant, in fact, actually your

9  Honor if you don't mind; I would like to go a little bit more in

10  the (inaudible) of this because I think it's relevant to the

11  case at hand.  I'm sorry.

12  So, on May 21st of 2017 the victim who is also the same

13  victim in this case was driving the defendant, her child,

14  defendant's cousin and his 18 month year old daughter to a skate

15  park.

16  The defendant starting throwing gang signs to a song and

17  the victim asked him to stop.

18  The defendant got extremely angry at the victim; yelled at

19  - - you can't tell me what to fucking do and starting screaming

20  and hitting the dashboard of the vehicle.

21  The victim pulled over and put her hazard lights on and the

22  defendant immediately grabbed the keys and got out of the car.

The victim followed him and convinced him to come back into the car with the keys.

Once inside the vehicle the victim pulled her phone out. Defendant started trying to grab the phone while he scratched her and bit her causing her to bleed.

He then also reached over and squeezed - - squeezed his - - her throat with his right hand.

At that time, the victim felt like she was going to pass out. She began to lose her vision and started seeing stars.

This lasted for about ten seconds and the children were screaming inside the car.

After defendant stopped the victim's throat hurt for about ten minutes.

The victim was - - or the victim remembers that the defendant's cousin was yelling for him to stop. She finally caught her breathe and drove them to the park.

After they got to the park, the defendant continued to yell at her.

At one point, the defendant walked towards the victim and head butted her in the forehead. She noted a pain level of seven on a scale of one to ten; and reduced later to a scale of four.

11

1    And this was reported by other victim - - or I'm sorry by

2  other witnesses to the police.

3         THE COURT:   Is this the basis of the strangulation

4  case?

5         STATE:   This is, your Honor.

6         THE COURT:   The probation case.

7         STATE:   Yes.

8         THE COURT:   Okay.

9         STATE:   So, as I said before while the defendant was

10  in jail on that case he was contacting the victim in violation

11  of his you know judgement; in violation of the no contact

12  prohibitions that were contained in that.

13    Immediately, after he got out he went back and they got

14  together again and this happened.

15    Throughout, this relationship between the defendant and the

16  victim there's been controlling behavior.   He's been

17  manipulating.   He's been violent.   He's been possessive.   He's

18  threatened her.

19    He's extremely dangerous, your Honor.   I think his history

20  shows that.

21    Now, in addition to all of the things I just talked about

22  he now has an open felony case in Multnomah County.

12

1    Based on the affidavit - - the P.C. Affidavit that I saw in

2  ECourt; he was basically found in an apartment building in

3  Multnomah County passed out with a revolver in his waistband and

4  a bag of Meth on him.

5    So, he's currently - - I think he's been indicted on Felon

6  in Possession of a Firearm; PCS Meth and Trespass One; and that

7  case is still pending.

8    So, you know with all this stuff, your Honor, this man has

9  repeatedly victimized women.

10

11    And not only that he's repeatedly victimized the victim in

12  this case over and over again.

13    He's also repeatedly flaunted the orders of the Court.

14    There really just isn't a lot that he gives a - - a damn

15  about to be honest.

16    And so, that's why I'm asking you to impose a very

17  significant jail section or sanction.

18    I'd suggest that at a minimum he should do another six

19  months on top of his IRA of one year; at a minimum if not more

20  your Honor.

21    He just needs a sign - - he needs a signal that this

22  behavior is inappropriate and I - - I think that jail at this

23  point is the only thing that's going to do that.

24

25

13

1    THE COURT:    The parties aren't contemplating any
2    probation as part of this new case.    Is that correct?
3    STATE:    No, your Honor.
4    DEFENSE:    Correct, your Honor.
5    THE COURT:    Okay.    The victim is present you have
6    told me.    Does she want to speak?
7    STATE:    She's told me that she does not, your Honor.
8    THE COURT:    Alright.    Ms. Rice.
9
10   DEFENSE:    Your Honor, I did not represent Mr. Holten
11   on the underlying Assault - -
12   THE COURT:    Sorry, it looks like the victim has
13   changed her mind but I'll let you finish your (inaudible) and
14   then we'll hear from her at the end.    Go ahead.
15   DEFENSE:    Thank you, your Honor.
16   I did not represent Mr. Holten on the underlying Assault 4,
17   Strangulation matter but I did represent him on the Probation
18   Violation that the District Attorney made reference to; where
19   Mr. Holten was contacting Ms. Banks from the Washington County
20   Jail.
21
22   That was around November of last year and that was a mutual
23   contact situation.    There were a number of phone calls between
24   Mr. Holten and Ms. Banks during which she was disguising her
25   voice and using a different name.

14

1  Mr. Holten's grandmother had just passed away and he was
2  going through some personal issues related to what was happening
3  with his family at that time if my memory serves me correctly.

4  So, that was - - that is where the one year IRA comes from.

5  So, Mr. Holten is - - he does just want to get things
6  handled here.

7  He knows that he has the one year in jail hanging over his
8  head. And I would just ask your Honor to take into account
9  several things when deciding what sort of jail sanction to
10  impose on the new case.

12  The first is that the one year IRA is already a very, very
13  harsh sentence.

14  In the Probation case, the Strangulation Count is a Class A
15  misdemeanor where the one year comes from. The Assault Four was
16  a felony.

17  I would just note that any revocation sanction for a Class
18  C felony is a maximum of six months. So, to impose the full
19  year for a Class A misdemeanor is already not exactly
20  proportional to what revocation sanctions normally are. It is a
21  very harsh revocation sanction.

22  The second thing I would like your Honor to consider is
23  that because of the Multnomah County holds that Mr. Holten has
24  at this point for the 18CR33946 case; that's the Felon in
25

1  Possession of a Firearm, PCS Meth and Criminal Trespass in the
2  Second Degree case; because of that hold he will be ineligible
3  for many of - - most of the programs that similarly situated
4  individuals would normally take advantage of when spending a
5  long - - when serving a longer jail sanction in Washington
6  County.
7      So, he will not be eligible for programming such as the
8  Washington County Community Corrections center where he could
9  otherwise engage in any domestic violence programming that was
10 recommended by his post-prison officer.
11
12     He will have two years of post-prison supervision of the
13 Assault Four felony count.
14     We would also ask your Honor to take into consideration the
15 fact that Mr. Holten does have that pending Multnomah County
16 case where he is facing a DOC sentence of at least 15 months.
17     I have been in touch with his Multnomah County attorney who
18 works in our sister office; the Metropolitan Public Defenders
19 office downtown and he does anticipate that Mr. Holten will be
20 resolving that case and serving a DOC sentence.
21     So, Mr. Holten will be in custody for the foreseeable
22 future and we're just asking your Honor to take those factors
23 into consideration when deciding what sort of jail sanction to
24 impose on this new misdemeanor case.
25

16

THE COURT:    Alright.    I will hear from the victim if
she would like to speak.


**BROOKE BANKS**

**(The witness is sworn and the following testimony offered)**


THE CLERK:    For the record, will you please state
your full name and then spell your first name and your last
name.

WITNESS:    Brook Banks; B-R-O-O-K-E; B-A-N-K-S.

THE CLERK:    Thank you.

THE COURT:    Alright.    Good afternoon, Ms. Banks.    You
are entitled to make a statement as part of this process before
I make this final decision.    What would you like me to know?

WITNESS:    I just wanted to let you know that in the
situation I'm agreeing with him that I would like for six months
if not more to be added.

I feel like as said; you may think it's a harsh - - harsh
punishment in his eyes; in my eyes I've been through what I
thought was fair.

I'm now carrying his child and having to carry that over my
head and worry about what I'm going to do on that circumstance.

1  I just feel like that he deserves more than what he's been
2  given because this is something that I'm going to have to live
3  with for the rest of my life.
4      So, I feel like the time that he can - - the max amount of
5  time that he can serve for that is fair.
6          THE COURT:   How long were the videos or images that
7  he posted up before you had them removed?
8          WITNESS:   I'm not quite sure.
9          THE COURT:   Mmm-huh.
10         WITNESS:   But I do know I don't - - I do know that
11 they're - - like they were up for quite some time.
12
13         THE COURT:   Okay.  Anything else?  Alright, thank
14 you.
15     Alright.  And finally, Mr. Helton, you are also entitled to
16 make a statement as part of this process.  Is there anything you
17 want to add?
18         DEFENDANT:   No.
19         THE COURT:   No.  Alright.  So, as I mentioned before,
20 I am accepting your decision to plead guilty.  So, I will go
21 forward with this agreement.
22
23     And based on the parties agreement on the probation case;
24 what's going to happen there is you are going to be revoked from
25

18

1  that probation and be given that one year of jail time per the

2  previously required IRA.

3      With regard to jail time on this case; the nature of these

4  charges is not something that I take lightly.  I think it's

5  really disrespectful to another person; the - - the kind of

6  conduct you're admitting to here.

7      And there is - - you - - you got a history of not treating

8  people very well it sounds like to me.

9

10     I - - I recognize that there's - - it sounds like there's

11 other things going on and you're going to be dealing with other

12 consequences but that to me is not a good enough explanation for

13 not imposing an appropriate sanction in this new case.

14     Because this is a new case; these are additional charges

15 and additional things that you did that were illegal.

16     And so as a result of that I am going to impose additional

17 jail time.  You have agreed as part of your plea agreement that

18 any additional jail time that impose for the new case will be

19 consecutive and not concurrent.

20     And the jail time that I am going to impose in this new

21 case is the six months that's being advocated for by the State.

22

23     So, in addition you have the fines and fees that we went

24 over with - - that I had talked about which is $600.00 that will

25 go down to the Department of Revenue I assume in this case.

19

1        And the State is agreeing to dismiss Counts Three and Four.

2   Is there anything else on this matter?

3            DEFENSE:   Nothing from us, your Honor.

4            THE COURT:   Alright.

5

6                    **(PROCEEDINGS CONCLUDED)**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FILED
OREGON JUDICIAL DEPT
WASHINGTON COUNTY
12-18 2:40

# IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR THE COUNTY OF WASHINGTON

STATE OF OREGON,

               Plaintiff,

    v.

JAYCOB PATRICK HOLTEN,

               Defendant

Case No. 18CR44240

Control No. _____

**PETITION TO ENTER PLEA AND ORDER**

*Verified Correct Copy of Ori...*

    *I am the defendant in this case, and my initials and signature below indicate that I have read or have had read to me, understand, and affirm all of the following:*

    1. My full true name is AS ABOVE.

    2. My physical and mental health is presently satisfactory. At this time I am not under the influence of any drugs or intoxicants (nor was I at the time the crime was committed). State any exceptions: controlled substances @ time of incident

    3. I have told my lawyer everything I know about the charge(s) against me. My lawyer has talked with me about the charge(s), possible defenses, and legal challenges I may have in this case. I am satisfied with the advice and help my lawyer gave me.

    4. I know I have the following rights at trial: (1) to have a jury trial or, if I choose not to have a jury trial, the right to have a trial by a judge; (2) to see, hear, and question all people who testify against me; (3) to remain silent about all facts of the case; (4) to call witnesses and enter evidence; (5) to testify; (6) to have the jury told, if I do not testify, that it cannot hold that decision against me; and (7) to require the district attorney to prove my guilt and all sentence enhancement facts to a jury or court beyond a reasonable doubt.

    5. I understand that I give up all of the rights listed in paragraph #4 above when I plead either "Guilty" or "No Contest." I understand that I also give up: (1) any defenses I may have to the charge(s); (2) objections to the consideration of evidence concerning my guilt; and (3) challenges to the accusatory instrument.

    6. I understand that a plea of "Guilty" or "No Contest" will result in a final conviction for the charge(s) listed in paragraph #7 below. I understand that if I plead "Guilty" or "No Contest," the judge may impose the same punishment as if I pleaded "Not Guilty," had a trial, and was convicted.

    7. I want to plead:

☒ **Guilty** ☐ **No Contest** to count # _1_ /Offense(s) UNLAWFUL DISSEMINATION OF AN ,
☒ Misdemeanor / ☐ Felony, Grid Block: ____/____, Presumptive Sentence: INTIMATE IMAGE ,
Post-Prison Supervision: _____, Maximum Sentence: 364 days , Maximum Fine: $6,250 ,
Minimum Sentence **or** Departure Sentence: _____ jail , Mandatory Fine: $100 .

☒ **Guilty** ☐ **No Contest** to count # _2_ /Offense(s) UNLAWFUL DISSEMINATION OF AN ,
☒ Misdemeanor / ☐ Felony, Grid Block: ____/____, Presumptive Sentence: INTIMATE IMAGE ,
Post-Prison Supervision: _____, Maximum Sentence: 364 days , Maximum Fine: $6,250 ,
Minimum Sentence **or** Departure Sentence: _____ jail , Mandatory Fine: $100 .

18CR44240
PTGP
Petition – Guilty Plea
9556385

**Defendant's Initials** J.H

☐ **Guilty** ☐ **No Contest to count #** _____ /Offense(s) _____ ,
☒ Misdemeanor / ☐ Felony, Grid Block: _____ / _____ , Presumptive Sentence: _____ ,
Post-Prison Supervision: _____ , Maximum Sentence: _____ , Maximum Fine: _____ ,
Minimum Sentence **or** Departure Sentence: _____ , Mandatory Fine: _____ .

☐ **Guilty** ☐ **No Contest to count #** _____ /Offense(s) _____ ,
☐ Misdemeanor / ☐ Felony, Grid Block: _____ / _____ , Presumptive Sentence: _____ ,
Post-Prison Supervision: _____ , Maximum Sentence: _____ , Maximum Fine: _____ ,
Minimum Sentence **or** Departure Sentence: _____ , Mandatory Fine: _____ .

8. If there are multiple charges or I am already serving a sentence, I understand that the judge may order me to serve the sentences at the same time (concurrently) or one after the other (consecutively) unless prohibited by ORS 137.123(5).

9. I have been convicted/adjudicated of one or more misdemeanors, felonies and/or Juvenile offenses in the past as follows: _Assault IV x2; Strangulation, Harassment_ _____

_____

10. I understand that, in addition to other fines, the judge may order me to pay restitution or a compensatory fine to the victim. If I am unable to pay restitution in full at the time the judgment is entered, I must allege and establish my inability to pay restitution in full.

11. I am presently on **probation** or **post-prison** supervision for: _Assault IV (felony);_
_Strangulation (both 17CR3307)_ _____ **and**
the maximum sentence(s) for a violation or revocation is: _6mo + 2yrs PPS; one year jail_ _____

~~12. In addition~~ to the sentence imposed, I understand that there are other significant consequences if I enter a "Guilty" or "No Contest" plea, including, but not limited to:

☒ If I am **not** a United States citizen, deportation/removal, exclusion from future entry into the United States, or denial of naturalization;

☒ Violation or revocation of my probation or post prison supervision listed in paragraph #11 above, which may require me to serve any sentence(s) imposed concurrently or consecutively to the sentence that is imposed in this case;

☐ Registration and reporting as a sex offender;

☐ Providing a DNA sample;

☐ Suspension, revocation, or permanent loss of my driving privileges (**driving under the influence of intoxicants, reckless driving, controlled substance offense, etc.**);

☐ Testing for HIV or other communicable diseases;

☐ Prohibition from moving out of the state without first requesting transfer of supervision under the provisions of the Interstate Compact for Adult Offender Supervision;

☐ Forfeiture of any firearm or deadly weapon that was possessed, used, or available for use during the crime;

☒ Loss of my right to possess, receive, ship, or transport any firearm or firearm ammunition if I am convicted of an offense involving domestic violence, as defined by ORS 135.230. This conviction may negatively affect my ability to be employed in law enforcement or serve in the Armed Forces of the United States.

Defendant's Initials _S. H_

*Verified Correct Copy of Original 7/19/20...* [left margin, rotated]

21. I am signing this plea petition and entering this plea voluntarily, intelligently, and knowingly with full understanding of all matters set forth in the charging instrument and in this petition.

Signed by me (in the presence of my attorney) this 18th day of July, 2018.

x _Jehu Hett_

_____ Defendant

My mailing address is: 10900 SW 82nd Ave Tigard OR 97223

Date of Birth: 8/7/95        Phone Number: (503) 747-7333

Interpreter: N/A         Language: English

## CERTIFICATE OF COUNSEL

### *I am the attorney for the defendant in this proceeding and I certify that:*

1. I have fully explained to my client the named offenses and lesser-included offenses contained in the charging instrument, and the possible defenses that may apply in this case.

2. I have personally examined the attached *Petition to Plead Guilty/No Contest*, explained all its provisions to my client, and discussed fully with my client all matters described and referred to in the petition.

3. I have explained to my client the maximum penalty and other consequences of entering a guilty or no contest plea, including possible immigration consequences.

4. To the best of my knowledge and belief, my client's decision to enter this plea is made voluntarily, intelligently, and knowingly.

5. I have told my client that if he or she is eligible for court-appointed counsel and wishes to pursue an appeal, I will transmit the information necessary to perfect the appeal to the Office of Public Defense Services.

7/18/18
Date

_____
Attorney's Signature

164682
OSB No.

CASSIDY R. RICE
**Printed** name of attorney

## FINDINGS

The court finds that defendant's plea of ☒ Guilty ☐ No Contest is made voluntarily, intelligently, and knowingly.

## ORDER

DEFENDANT'S PLEA PETITION IS HEREBY ACCEPTED.

7/18/18
Date

_____
Circuit Court Judge

**Danielle J. Hunsaker**
**Circuit Court Judge**

_____
Print, Type, or Stamp Name

13. Other than what is contained in this plea petition, I affirm that no one has promised me anything to enter my plea of "Guilty" or "No Contest." I also affirm that no one has threatened me or forced me to enter this plea.

14. ☒ I stipulate to the following sentence **(and departure factors); OR** ☐ I understand that the district attorney agrees to make the following recommendation to the court about my sentence and/or other pending charges; **OR** ☐ this plea has a judicially approved disposition: _____

State dismiss counts 3 & 4
$100 conviction fine x2; $400 CAA fees
revoke 17CR33071 and impose 1 year jail per IRA
on this case, jail per court consecutive to revocation
sentence in 17CR33071 _____ ☐ see attached addendum.

15. I understand that the court is not bound by any plea agreement I have made with the district attorney unless made pursuant to ORS 135.432(2) (court approved plea agreement). *I acknowledge that everything that has been agreed to is included in this document or incorporated by reference.*

16. I understand that I may be asked to relate the circumstances surrounding the criminal activity that is the subject of this plea to a pre-sentence investigation writer.

17. **I PLEAD "GUILTY"** because I did the following: on or about November 27, 2017,
in Washington County, Oregon, I knowingly caused to be disclosed
through an internet website 2 different identifiable images of B.B.
whose intimate parts were visible, when I knew or reasonably should
have known that B.B. did not consent to the disclosure, and
I intended to harass, humiliate, or injure BB when I caused

18. **I PLEAD "NO CONTEST"** because I understand that a jury or judge could find me guilty of the charge(s). I prefer to accept the plea offer or plead to the charge.

19. **APPEAL RIGHTS:** Unless this is a conditional plea, I understand the right to appeal my conviction is limited and that I may appeal only if I can make a colorable showing that the sentence exceeds the maximum allowed by law or is unconstitutionally cruel and unusual. If I am financially eligible for court-appointed counsel, I may apply to the court to appoint an attorney to represent me on appeal, to request a transcript of this proceeding, and to have my trial attorney give the Office of Public Defense Services the information necessary to pursue my appeal. I know that I must serve and file the notice of appeal not later than **30 days** after the judgment of conviction is entered in the register, and I may ask my attorney to help me do this. Copies of the notice of appeal must be served on the district attorney, the trial court transcript coordinator (if a transcript is required), and the clerk of the trial court. The original notice and proof of its service must be filed with the clerk of the court to which I am appealing.

20. I agree that if I withdraw or if a court later reverses, vacates, or sets aside my plea of "Guilty" or "No Contest" in this case, the court will reinstate any charge(s) that were dismissed in return for my plea and the district attorney no longer will be bound by any promises made to me in exchange for my plea. If the court reinstates the charge(s), I waive the statute of limitations and any statutory or constitutional speedy trial or double jeopardy rights applicable to the dismissed charges.

the disclosure, BB was harassed, humiliated, or injured by the disclosure, and a reasonable person would be harassed, humiliated, or injured by the disclosure.

Defendant's Initials J.H

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR WASHINGTON COUNTY

FILED
OREGON JUDICIAL DEPT
WASHINGTON COUNTY

STATE OF OREGON,

                    Plaintiff,

    vs.

JAYCOB PATRICK HOLTEN,

                    Defendant.

2018 JUL -3 P 12: 58

18CR 44240

MISDEMEANOR COMPLAINT

*Verified Corrected Copy of Original 9/3/2018.*

The above named defendant is accused by this information of the crime(s) of

| | | |
|---|---|---|
| Count 1: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472) |
| Count 2: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472) |
| Count 3: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472) |
| Count 4: | UNLAWFUL DISSEMINATION OF AN INTIMATE IMAGE | (A Misdemeanor; ORS 163.472) |

committed as follows:

COUNT 1
The defendant, on or about November 27, 2017, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure B.B., knowingly caused to be disclosed through an Internet website, an identifiable image of B.B. whose intimate parts were visible, when the defendant knew or reasonably should have known that B.B. did not consent to the disclosure, B.B. was harassed, humiliated or injured by the disclosure, and a reasonable person would be harassed, humiliated or injured by the disclosure, to wit: intimate image of B.B.'s breast.

COUNT 2
As a separate act and transaction but as part of crimes that are of the same or similar character and a common scheme and plan as Counts 1, 3, & 4: The defendant, on or about November 27, 2017, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure B.B., knowingly caused to be disclosed through an Internet website, an identifiable image of B.B. whose intimate parts were visible, when the defendant knew or reasonably should have known that B.B. did not consent to the disclosure, B.B. was harassed, humiliated or injured by the disclosure, and a reasonable person would be harassed, humiliated or injured by the disclosure, to wit: intimate image of B.B.'s breast.

COUNT 3
As a separate act and transaction but as part of crimes that are of the same or similar character and a common scheme and plan as Counts 1, 2, & 4: The defendant, on or about November 27, 2017, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure B.B., knowingly caused to be disclosed through an Internet website, an identifiable image of B.B. who was engaged in sexual conduct, when the defendant knew or reasonably should have known that B.B. did not consent to the disclosure, B.B. was harassed, humiliated or injured by the disclosure, and a reasonable person would be harassed, humiliated or injured by the disclosure, to wit: intimate image of B.B. engaged in sexual intercourse.

//

//

//

Page 1- Complaint  (DA 363427)

**COUNT 4**

As a separate act and transaction but as part of crimes that are of the same or similar character and a common scheme and plan as Counts 1, 2, & 3: The defendant, on or about November 27, 2017, in Washington County, Oregon, did unlawfully, with the intent to harass, humiliate, or injure B.B., knowingly caused to be disclosed through an Internet website, an identifiable image of B.B. who was engaged in sexual conduct, when the defendant knew or reasonably should have known that B.B. did not consent to the disclosure, B.B. was harassed, humiliated or injured by the disclosure, and a reasonable person would be harassed, humiliated or injured by the disclosure, to wit: intimate image of B.B. engaged in oral sexual intercourse.

Contrary to the statutes and against the peace and dignity of the State of Oregon

Endorsed for prosecution by Washington County District Attorney Kevin Barton.

STATE OF OREGON        )
                       ) ss.
County of Washington   )

    I, Melanie Musial, being first duly sworn, depose and say: That I am a Deputy District Attorney for Washington County, Oregon; That I am the complainant in the foregoing Complaint, that I have read the same, know the contents thereof, and that the same is true as I verily believe.

Melanie Musial / OSB # 134365

SUBSCRIBED AND SWORN to before me on July 3, 2018.

Notary Public for Oregon

**Not ECR Eligible**
DA #363427
HBP 53-1710188
DOB 08/07/1995
FPC #:
**Appear – Arraignment on July 3, 2018 at 3:00PM**

OFFICIAL STAMP
ANDREA MARIE MOLDENHAUER
NOTARY PUBLIC - OREGON
COMMISSION NO. 944934
MY COMMISSION EXPIRES DECEMBER 01, 2019

Page 2- Complaint  (DA 363427)

*State of Oregon vs Jaycob Patrick Holten, Case No. 18CR44240*

# IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| State of Oregon,　　　　　　　　　　　　 ) | |
| 　　　　　　Plaintiff　　　　　　　　　 ) | |
| 　　　　　　　　　　　　　　　　　　　 ) | Case No.: 18CR44240 |
| vs.　　　　　　　　　　　　　　　　　 ) | |
| 　　　　　　　　　　　　　　　　　　　 ) | **JUDGMENT** |
| 　　　　　　　　　　　　　　　　　　　 ) | |
| Jaycob Patrick Holten,　　　　　　　　 ) | Case File Date: 07/03/2018 |
| 　　　　　　Defendant　　　　　　　　　 ) | District Attorney File #: 363427 |

## DEFENDANT

True Name: Jaycob Patrick Holten　　　　　　　　　　Sex: Male
Date Of Birth: 08/07/1995

## HEARING

Proceeding Date: 07/18/2018
Judge: Danielle J Hunsaker
Court Reporter: Recording, FTR

Defendant appeared in person and was in custody. The court determined that the defendant was indigent for purposes of court-appointed counsel, and the court appointed counsel for the defendant. The defendant was represented by Attorney(s) Cassidy R Rice, OSB Number 164682. Plaintiff appeared by and through Attorney(s) Bryce V Bissinger, OSB Number 173077. Defendant knowingly waived two day waiting period before sentencing.

## COUNT(S)

It is adjudged that the defendant has been convicted on the following count(s):

### Count 1 : Unlawful Dissemination of an Intimate Image

Count number 1, Unlawful Dissemination of an Intimate Image, 163.472, Misdemeanor Class A, committed on or about 11/27/2017. Conviction is based upon a Guilty Plea on 07/18/2018.

**Incarceration**

*State of Oregon vs Jaycob Patrick Holten, Case No. 18CR44240*

Defendant is sentenced to the custody of County Jail, for a period of 6 month(s). Defendant is remanded to the custody of the Washington County Sheriff for transportation to the Supervisory Authority for service of this sentence. Defendant may receive credit for time served.

The Defendant may be considered by the supervisory authority for any form of alternative sanction authorized by ORS 423.478, and the Defendant shall pay any required per diem fees.

For the reasons stated on the record, this sentence shall be consecutive to the sentence(s) on the following cases: 17CR33071

## Monetary Terms

Defendant shall be required to pay the following amounts on this count:

### Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|---|---|---|---|---|
| Attorney Fees | $400.00 | | | $400.00 |
| Fine - Misdemeanor | $100.00 | | | $100.00 |
| **Total** | $500.00 | | | $500.00 |

Pay within 30 days or set up a payment plan with the accounting department. If this is not done fines and fees will go to the Department of Revenue for collection.

## Count 2 : Unlawful Dissemination of an Intimate Image

Count number 2, Unlawful Dissemination of an Intimate Image, 163.472, Misdemeanor Class A, committed on or about 11/27/2017. Conviction is based upon a Guilty Plea on 07/18/2018.

## Incarceration

Defendant is sentenced to the custody of County Jail, for a period of 6 month(s). Defendant is remanded to the custody of the Washington County Sheriff for transportation to the Supervisory Authority for service of this sentence. Defendant may receive credit for time served.

The Defendant may be considered by the supervisory authority for any form of alternative sanction authorized by ORS 423.478, and the Defendant shall pay any required per diem fees.

*State of Oregon vs Jaycob Patrick Holten, Case No. 18CR44240*

For the reasons stated on the record, this sentence shall be consecutive to the sentence(s) on the following cases:
17CR33071

## Monetary Terms

Defendant shall be required to pay the following amounts on this count:

### Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|------|--------|----------|-----------|-------------|
| Fine - Misdemeanor | $100.00 | | | $100.00 |
| Total | $100.00 | | | $100.00 |

## COUNTS DISPOSED WITH NO CONVICTION

Count # 3, Unlawful Dissemination of an Intimate Image is Dismissed.

Count # 4, Unlawful Dissemination of an Intimate Image is Dismissed.

If convicted of a felony or a crime involving domestic violence, you may lose the right to buy, sell, transport, receive, or possess a firearm, ammunition, or other weapons in both personal and professional endeavors pursuant to ORS 166.250, ORS 166.291, ORS 166.300, and/or 18 USC 922(g).

## MONEY AWARD

### Judgment Creditor: State of Oregon
### Judgment Debtor: Jaycob Patrick Holten

Payees are to be paid as ordered under Monetary Terms.

Defendant is ordered to pay the following monetary totals, including restitution or compensatory fine amounts stated above, which are listed in the Money Award portion of this document:

| Type | Amount Owed |
|------|-------------|
| Attorney Fees | $400.00 |
| Fine - Misdemeanor | $200.00 |
| Total | $600.00 |

The court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order.

Subject to amendment of a judgment under ORS 137.107, money required to be paid as a condition of probation remains payable after revocation of probation only if the amount is included in the money award portion of the judgment document, even if the amount is referred to in other parts of the judgment document.

Any financial obligation(s) for conviction(s) of a violation, which is included in the Money Award, creates a judgment lien.

**Payment Schedule**

Payment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675.

Payable to:

**Washington County Circuit Court**
**150 N First Avenue**
**Hillsboro, Oregon 97124**
**P: 503-846-8888**
**F: http://courts.oregon.gov/washington**

Dated the _____ day of _____ Signed: 7/18/2018 02:46 PM _____ , 20 _____

Signed: _____

Danielle J Hunsaker **Circuit Court Judge, Danielle J. Hunsaker**