IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BENJAMIN BARBER,

    Plaintiff,

v.

STATE OF OREGON, et al.,

    Defendants.

Case No. 3:19-cv-01631-YY

ORDER

IMMERGUT, J.

Plaintiff, a former inmate of the Washington County Jail, brings this civil action *pro se*. On November 5, 2019, this Court issued an Order of Dismissal (ECF No. 9). The Order dismissed Plaintiff's claims against Defendants District Judge Michael H. Simon and Magistrate Judge John V. Acosta with prejudice. As to Plaintiff's remaining claims, the Court found they were barred by the doctrine of *res judicata*, and because the Court must provide Plaintiff an opportunity to be heard prior to a *sua sponte* dismissal on this basis, the Court granted Plaintiff leave to file an Amended Complaint. Currently before the Court is Plaintiff's Amended Complaint (ECF No. 20).

In his Amended Complaint, Plaintiff purports to bring the action on his own behalf and on behalf of "Does 1-50,000" identified as users of various internet websites. Plaintiff again alleges

1 - ORDER

claims challenging the validity of state statutes prohibiting the dissemination of "revenge porn." As to the issue of *res judicata*, Plaintiff's Amended Complaint states the following:

> Unlike the previous action, barber (who is no longer an inmate) has added additional parties with new defendants and new ex relatione [sic] plaintif [sic] third party claims, and he has posted in the sealed exhibits copies of activities that could lead to the petitioner punished in these other states, and could lead to multiple prosecutions, petitioner also seeks appointment of counsel and class action status for 3rd parties. In the previous court case there was not an full and fair opportunity to present the issues of first amendment standing, third party standing, multiple – future prosecutions, and a combined 42 U.S.C. 1983 and 28 U.S.C. 2254, nor was appointment of counsel considered before dismissal.

Plaintiff's Amended Complaint does not persuade the Court that his individual claims are not subject to dismissal under the doctrine of *res judicata*. Moreover, a *pro se* Plaintiff cannot represent the rights of the other individual Plaintiffs, so Plaintiff's attempt to assert the claims of others is unavailing. *See Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981) (a non-lawyer may not file papers with the court or otherwise represent the rights of another *pro se* litigant); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987) (same).

Accordingly, IT IS ORDERED that Plaintiff's Amended Complaint is DISMISSED. The Court FINDS MOOT Plaintiff's Motion for Reconsideration of Orders (ECF No. 11) and Motion for Extension of Time (ECF No. 12), and DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 10), Motion to Request Copy of the Complaint (ECF No. 13), and Motion for Leave to File Sealed Documents (ECF No. 21).

IT IS SO ORDERED.

DATED this 20th day of December, 2019.

Karin J. Immergut
United States District Judge

2 - ORDER